A89A1778. BOSS v. FOOD GIANT, INC.
(388 SE2d 37)

BANKE, Presiding Judge.

The appellant sued to recover for personal injuries which he allegedly sustained when he slipped and fell while exiting a grocery store owned and operated by the appellee. He brings this appeal from the grant of the appellee's motion for summary judgment.

The appellant testified in his deposition that upon leaving the

store with his grocery bags in hand, he slipped in the doorway and fell on the pavement just outside the automatic door. He stated that he had not noticed any foreign substance on the pavement prior to his fall but that he observed some egg spillage there afterwards. The store co-manager who had been on duty at the time testified that immediately upon being notified of the incident, he went to the scene and observed a small amount of egg on the concrete approximately 3 to 4 feet outside the door. Neither he nor the appellant observed any egg shells. The co-manager testified that it was store policy to have an employee "survey" the walkways both inside and outside the store every two hours. However, this witness further testified that such inspections were not conducted at regularly scheduled times and that no store records were kept to document them, with the result that he could not say how long before the appellant's fall the last such survey had occurred. Indeed, he did not even testify that the inspection policy had been followed on the day in question. Approximately five employees were working in the store at the time of the incident, including three cashiers stationed just inside and to the right of the exit door. *Held*:

An owner or occupier of land is liable for damages to invitees caused by his failure to exercise ordinary care in keeping the premises safe. OCGA § 51-3-1. "[I]n order to state a cause of action in a case where the plaintiff alleges that due to an act of negligence by the defendant he slipped and fell on a foreign substance on the defendant's floor, the plaintiff must show (1) that the defendant had actual or constructive knowledge of the foreign substance and (2) that the plaintiff was without knowledge of the substance or for some reason attributable to the defendant was prevented from discovering the foreign substance." *Alterman Foods v. Ligon*, 246 Ga. 620, 623 (272 SE2d 327) (1980). It is apparent without dispute from the evidence of record in the present case that the appellee had no *actual* knowledge of the presence of the egg spillage on the sidewalk before the appellant's fall. Although the appellant asserts that it may be inferred from the absence of any egg shell in the spillage that the appellee's employees had made an attempt to remove the hazard, we cannot agree that any such inference reasonably arises from the evidence.

" 'Constructive knowledge may be inferred where there is evidence that an employee of the owner was in the immediate vicinity of the dangerous condition and could easily have noticed and removed the hazard. [Cit.] Liability based on constructive knowledge may *also* be established by showing that the owner failed to exercise reasonable care in inspecting the premises, but recovery under that approach requires proof of the length of time the dangerous condition was allowed to exist. (Cits.)' " (Emphasis supplied.) *Food Giant v. Cooke*, 186 Ga. App. 253, 254 (366 SE2d 781) (1988). See also *Rush v. Food*

*Giant,* 183 Ga. App. 388 (1) (358 SE2d 919) (1987).

It is apparent without dispute from the evidence of record in the present case that there was no employee in the immediate area of the egg spillage at the time of the appellant's fall. " 'Thus, [the appellant's] sole avenue of possible recovery is one in which constructive knowledge on the part of [the appellee] is premised upon [the appellee's] failure to exercise reasonable care in inspecting and keeping the premises in [a] safe condition. [Cit.]' " *Food Giant v. Cooke,* supra at 254-255. The burden was, of course, on the appellee as movant on motion for summary judgment to negate this theory of liability by presenting evidence that it had in fact exercised reasonable care in inspecting the premises. Inasmuch as the evidence submitted by the appellee on this issue failed to establish that any inspection at all had been made on the day in question, we must conclude that this burden of proof was not met. Thus, the burden never shifted to the appellant to produce evidence that the egg spillage had been present on the pavement outside the door for a period of time sufficient to have been discovered by a reasonable inspection procedure. Accord *Food Giant v. Cooke,* supra. See also *Hilsman v. Kroger Co.,* 187 Ga. App. 570 (370 SE2d 755) (1988). Although the burden would be on the appellant to present such evidence at trial in order to establish a prima facia case based on the constructive knowledge theory, "[o]n a motion for summary judgment, the burden of establishing the non-existence of any genuine issue of fact is upon the moving party . . . even as to issues upon which the opposing party would have the trial burden. . . ." *Ham v. Ham,* 230 Ga. 43, 45 (195 SE2d 429) (1973). Therefore, we hold that the trial court erred in granting the appellee's motion for summary judgment.

*Judgment reversed. Sognier and Pope, JJ., concur.*

DECIDED NOVEMBER 7, 1989.

*Goldstein & Schatten, Lee S. Goldstein,* for appellant.

*Gorby, Reeves, Moraitakis & Whiteman, J. Franklin Burns,* for appellee.