## A93A0461. PERRYMAN v. LUFRAN, INC.
### (434 SE2d 112)

SMITH, Judge.

Margaret Jacques Perryman brought suit against convenience store owner Lufran, Inc. (Lufran), and six minor defendants, none of whom is a party to this appeal, for injuries suffered in an automobile collision. The collision involved alcohol *consumed* by James Kendrick, the minor driving the vehicle that collided with Perryman's, and *purchased* at Lufran's store by Scott Lever, one of Kendrick's companions. Perryman appeals the trial court's grant of summary judgment in favor of Lufran, based on the provision of OCGA § 51-1-40 concerning causes of action against those selling, furnishing, or serving alcoholic beverages. We affirm.

At around 7:30 p.m. on the evening in question, the six minor defendants met at a grocery store parking lot in Augusta, Georgia, to make plans for the night. At that time, James Kendrick was driving his vehicle with Shannon Mitchell and Blake Beattie as passengers. Curt Hill was driving another vehicle with Scott Lever and Angela Boyd as passengers. The group planned to attend a party to take place somewhere around Lake Strom Thurmond, close to Lincolnton, Georgia.

On the way to the lake, the six stopped at an Amoco gas station and convenience store in Augusta owned and operated by Lufran. Upon arriving at the store, defendant Lever testified on deposition that he entered alone and purchased "two twelve-packs" of beer. Lever used false identification (a replica of a Tennessee driver's license with Lever's picture and a false name and date of birth) in order to make the purchase. In the meantime, Kendrick pumped gasoline into his truck. Lever said that as he was leaving Lufran's store, the cashier commented, "[t]hat little fellow just showed me a fake I.D." After Lever made his purchase and left the Amoco store, Kendrick entered the store to pay for the gasoline. None of the other minor defendants entered the store that evening. The evidence shows, at most, that the cashier was capable of seeing the minor defendants and their vehicles. There is no indication the cashier knew or had reason to know Lever was with Kendrick or the other members of the group.

The beer was split between the two vehicles, and the group headed toward the party near Lincolnton. After driving around for some time and failing to locate the party, the group headed back toward Augusta. At some point, the vehicles stopped and defendant Mitchell took over as driver of the Hill vehicle. Drivers Mitchell and Kendrick passed each other a number of times. On what was to be the final passing attempt of the evening, Kendrick's vehicle struck Perryman's head-on while in a "no passing" zone. The blood-alcohol test performed on Kendrick registered .15, well over the legal limit.

A convenience store owner's potential liability for the negligent acts of an intoxicated third person is set out in OCGA § 51-1-40. By enacting this Code section, the Georgia General Assembly has declared that "the consumption of [alcohol], rather than the sale or furnishing or serving of such beverages, is the proximate cause of any injury . . . inflicted by an intoxicated person . . . upon another person, except as otherwise provided. . . ." OCGA § 51-1-40 (a). The exception relevant for this appeal provides that "a person who willfully, knowingly, and unlawfully sells, furnishes, or serves alcoholic beverages to a person who is not of lawful drinking age, knowing that such person will soon be driving a motor vehicle, . . . may become liable for injury or damage caused by or resulting from the intoxication of such minor . . . when the sale, furnishing, or serving is the proximate cause of such injury or damage." OCGA § 51-1-40 (b).

As applied to these facts, it is clear that if Lever, as the actual purchaser of the alcohol and a minor, had been driving Kendrick's truck while intoxicated when the accident occurred, then the Lufran employee's act of selling the alcohol to Lever, if done with knowledge that Lever would soon be driving, could be a "proximate cause" of Perryman's injuries. It perhaps could be argued, but we do not now hold, that if appellee sold beer to Lever *knowing* he was but one of a *group* of minors arriving by automobile and currently on or around the store's premises, then Lufran could be found liable for subsequent DUI-related injuries caused by any member of the group it so "supplied." Neither of these situations, however, is before us in this appeal.

Perryman does not affirmatively allege, and the evidence in no way implies, that Lufran or its employee had *actual knowledge* that the minor purchasing the beer would soon be driving or that he was but one of a group of minors actually on the premises who would soon be leaving the premises by automobile. See *Manuel v. Koonce*, 206 Ga. App. 582, 585 (2) (425 SE2d 921) (1992) (knowledge of imminent driving is a prerequisite to liability under OCGA § 51-1-40 (b)).

On this crucial issue, Perryman merely offers that "[w]hether or not the cashier actually saw those vehicles would obviously be a factor of whether or not she made any effort to look and see those vehicles." We agree with the trial court that this cannot suffice. We hold, based upon the clear limitations of liability intended by the legislature in enacting OCGA § 51-1-40, that a defendant seller, furnisher, or supplier of alcoholic beverages to a minor cannot be held liable for the negligent acts of a *second* minor intoxicated by such beverages when the defendant is not alleged to have had actual knowledge of the second minor's presence and affiliation with the first. By any fair reading of OCGA § 51-1-40 (b), a convenience store owner, or its employee, simply cannot be found to have *willingly and knowingly* furnished

alcohol to the individuals making up a group of minors by a sale to only one of them when the seller is not alleged to have been aware of the group's existence and presence nearby. Therefore, the trial court properly granted summary judgment as to this appellee.

*Judgment affirmed. Johnson and Blackburn, JJ., concur.*

DECIDED JULY 6, 1993 —
RECONSIDERATION DENIED JULY 22, 1993 — 

*Bonner & Jones, G. Larry Bonner*, for appellant.
*Alston & Bird, Gerald L. Mize, Jr., Lori G. Baer*, for appellee.