Joseph H. JAQUES III and Diana V. Jaques, Plaintiffs

v.

Scott LEVER, First Defendant

and

Lufran, Inc., Second Defendant.

No. CV190–291.

United States District Court,
S.D. Georgia,
Augusta Division.

Sept. 10, 1993.

882

Ronald A. Maxwell, Ronald A. Maxwell, P.C., Aiken, SC, George Larry Bonner, Bonner & Jones, Augusta, GA, for Joseph H. Jaques, III and Diana V. Jaques.

George Rene Hall, Patrick J. Rice, Hull, Towill, Norman & Barrett, Augusta, GA, for James F. Kendrick, III.

Edward L. Speese, D. Scott Broyles, Warlick, Tritt & Stebbins, Augusta, GA, for Shannon Mitchell and Curt Hill.

Wiley S. Obenshain, III, Augusta, GA, for Scott Lever.

Andrew J. Hill, III, Blasingame, Burch, Garrard & Bryant, Athens, GA, for Blake Beattie.

Theodore T. Carellas, Hunter, Maclean, Exley & Dunn, Savannah, GA, Lori G. Cohen, Gerald L. Mize, Jr., Alston & Bird, Atlanta, GA, for Lufran, Inc.

## ORDER

BOWEN, District Judge.

Before the Court is Defendant Lufran, Inc.'s Motion for Summary Judgment. For the reasons stated below, the Motion is hereby GRANTED.

### I. Background

The Plaintiffs in this action sued convenience store owner Lufran, Inc. ("Lufran"), six minor defendants, and the parent of one minor defendant for injuries suffered in a collision with the automobile driven by Defendant Kendrick. Most of the defendants either have settled or have been dismissed from this action. The facts surrounding the collision are as follows.

On the evening of October 19, 1989, the group of minor defendants gathered in two automobiles at a grocery store parking lot in Augusta, Georgia, to make plans for the evening. The group decided to attend a party rumored to take place somewhere around Strom Thurmond Lake near Lincolnton, Georgia.

On the way to the party, the group allegedly stopped in Augusta at an Amoco gas station and convenience store (owned and operated by Lufran) to purchase beer for the evening and to purchase gasoline for one of the cars. One of the members of the group, Defendant Scott Lever, testified in his deposition that he entered the store alone and purchased approximately two twelve-packs of beer using a replica of a Tennessee driver's license. After Lever paid for the beer and left the store, his companion James Kendrick entered the store to pay for the gas that he had pumped into his own truck. None of the other minors are alleged to have entered the store that evening, and neither of the two possible cashiers on duty were alleged to have actually seen any of the minors together outside the convenience store.

When Kendrick paid for his gas and returned to the cars, the group left in search of the rumored party. The cars stopped briefly at one point along the way for Lever to distribute the beer among his companions. After then following each other for some time without locating the party, Kendrick (driving one of the cars) and Shannon Mitch-ell (driving companion Curt Hill's car) drove the group back towards Augusta. The two drivers passed each other several times along the way.

As the vehicles were side-by-side on what, unfortunately, turned out to be the final passing attempt, Plaintiffs Jaques' vehicle approached the two cars from the opposite direction. Kendrick's vehicle struck the Jaques' vehicle head-on. Kendrick, whose blood alcohol level registered .15%, was cited for driving under the influence of alcohol and for passing in a no-passing zone.

### II. Analysis

#### A. Requirements for Summary Judgment

The Court should grant summary judgment only if "there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The applicable substantive law identifies which facts are material in the case. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

"The movant bears the initial burden to show, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial." *Clark v. Coats & Clark, Inc.,* 929 F.2d 604, 608 (11th Cir.1991). When the *moving* party has the burden of proof at trial, that party must carry its burden at summary judgment by presenting evidence affirmatively showing that, "on all the essential elements of its case ..., no reasonable jury could find for the non-moving party." *United States v. Four Parcels of Real Property,* 941 F.2d 1428, 1438 (11th Cir.1991) (en banc). When the *non-moving* party has the burden of proof at trial, the moving party may carry its burden at summary judgment either by presenting evidence negating an essential element of the non-moving party's claim or by pointing to specific portions of the record which demonstrate that the non-moving party cannot meet its burden of proof at trial, *see Clark,* 929 F.2d at 606–608 (explaining *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970) and *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91

L.Ed.2d 265 (1986)); merely *stating* that the non-moving party cannot meet its burden at trial is *not* sufficient, *Clark*, 929 F.2d at 608. Any evidence presented by the movant must be viewed in the light most favorable to the non-moving party. *Adickes*, 398 U.S. at 157, 90 S.Ct. at 1608.

If—and *only* if—the moving party carries the initial burden, then the burden shifts to the non-moving party "to demonstrate that there is indeed a material issue of fact that precludes summary judgment." *Clark*, 929 F.2d at 608. The non-moving party cannot carry its burden by relying on the pleadings or by repeating conclusory allegations contained in the complaint. *Morris v. Ross*, 663 F.2d 1032, 1033–34 (11th Cir.1981), *cert. denied*, 456 U.S. 1010, 102 S.Ct. 2303, 73 L.Ed.2d 1306 (1982). Rather, the non-moving party must respond by affidavits or as otherwise provided in Fed.R.Civ.P. 56. "[T]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255, 106 S.Ct. at 2513. A genuine issue of material fact will be said to exist "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Id.* at 248, 106 S.Ct. at 2510.

The clerk has given the non-moving party notice of the summary judgment motion, the right to file affidavits or other materials in opposition, and of the consequences of default; thus, the notice requirements of *Griffith v. Wainwright*, 772 F.2d 822 (11th Cir. 1985), are satisfied. The time for filing materials in opposition has expired, and the motion is ripe for consideration. The Court will proceed to review the applicable substantive law and inquire whether the moving party—and, if necessary, the non-moving party—has carried its burden as set forth above. *See Clark*, 929 F.2d at 609 n. 9.

**B. Defendant Lufran's Motion for Summary Judgment**

█ Under some circumstances, a seller of alcoholic beverages in Georgia *may* be liable under O.C.G.A. § 51–1–40, also known as the "Dram Shop Act," to third persons who are injured by a purchaser of those beverages. This law is not without its complexity. *See, e.g., Leach v. Braswell*, 804 F.Supp. 1551

(S.D.Ga.1992) (applying O.C.G.A. § 51–1–40 in conjunction with O.C.G.A. § 51–1–18(a), a statute giving custodial parents a cause of action against a seller of alcoholic beverages). Subsection (a) of this code section declares the General Assembly's determination that

the consumption of alcoholic beverages, rather than the sale or furnishing or serving of such beverages, is the proximate cause of any injury ... inflicted by an intoxicated person upon himself or upon another person, except as otherwise provided in subsection (b) of this Code section.

O.C.G.A. § 51–1–40(a) (Supp.1993).

A seller of alcoholic beverages under this section is generally *not* liable for injuries caused by a purchaser of those beverages to a third person.

The applicable exception of subsection (b), however, provides a tort cause of action against a person who

willfully, knowingly, and unlawfully sells, furnishes, or serves alcoholic beverages to a person who is not of lawful drinking age, knowing that such person will soon be driving a motor vehicle ... when the sale ... is the proximate cause of such injury or damage. O.C.G.A. § 51–1–40(b) (Supp. 1993).

█ The above Code sections became effective April 12, 1988. Although the Plaintiffs contend that O.C.G.A. § 3–3–23 ("Furnishing to, purchase of, or possession by persons under 21 years of age of alcoholic beverages ...") is a penal statute applicable to the present case, the Plaintiffs also acknowledge that O.C.G.A. § 51–1–40 provides for a civil cause of action and that this latter Code section preempts other causes of action arising under facts similar to those present here. While mindful of the common law in existence before the passage of O.C.G.A. § 51–1–40, this Court finds that the case at bar is governed by these later specific Code sections which have been promulgated for civil actions by injured third parties against sellers of alcoholic beverages. The substantive law with which to test the existence of any material issues of fact will thus be found in O.C.G.A. § 51–1–40 and related decisions.

■ Among other requirements for liability, O.C.G.A. § 51–1–40 requires a plaintiff to prove that a person *willfully, knowingly, and unlawfully* sold, furnished, or served a minor alcoholic beverages *knowing that such person will soon be driving a motor vehicle.* Since Defendant Lever, the only alleged beer purchaser, never drove a motor vehicle on the night at issue, the Plaintiffs' argument must rest on the more tenuous theory that the cashier willfully, knowingly, and unlawfully sold or furnished alcohol to the group of minors of which Lever and the driver Kendrick were a part, and further that the cashier knew that the group of minors including Kendrick would imminently be driving a motor vehicle.

■ The knowledge required under this standard is *actual* knowledge, rather than constructive knowledge, that the minor purchasing the beer would soon be driving, or that he was purchasing the beer as but one of a group of minors actually on the premises who would soon be driving an automobile. *See* the recent Georgia Court of Appeals companion case, *Perryman v. Lufran, Inc.,* 209 Ga.App. 654, 434 S.E.2d 112 (1993) (affirming a grant of summary judgment for defendant Lufran under essentially identical facts); *Manuel v. Koonce,* 206 Ga.App. 582, 586, 425 S.E.2d 921 (1992) (defendant entitled to summary judgment where no actual knowledge of guest's imminent driving existed); *Whelchel v. Laing Properties, Inc.,* 190 Ga.App. 182, 378 S.E.2d 478 (1989) (requiring showing of actual knowledge that recipient of alcohol would soon be driving to support a jury finding of proximate cause).

■ The Plaintiffs have not alleged, nor have they shown through direct or circumstantial evidence in the record, that Lufran's employees had actual knowledge that Defendant Lever would soon be driving or that Defendant Lever was with other individuals when purchasing beer on the night in question.[1] As Defendant Lufran has shown by reference to depositions and other materials (satisfying its burden as the party moving for summary judgment under Rule 56, Fed. R.Civ.P.), the record indicates at most that *if the cashier had surveyed outside* the store while Lever was inside, she might have seen the other minors and might have realized that Lever was part of a group of minors for whom the beer was purchased.[2] Plaintiffs' own reply brief even notes that "whether or not the cashier actually saw those vehicles would obviously be a factor of whether or not she made any effort to look and see those vehicles." (Plaintiffs' Reply Brief, p. 3). Without an allegation or any evidence that the cashier knew of the other minors' presence, the cashier could not be said to have "willingly or knowingly" furnished the group with alcohol or to have known of their imminent driving[3].

At most, then, the record contains evidence from which a jury might determine that Lufran's cashier had *constructive* knowledge of the other minors outside for whom Lever purchased beer. Constructive knowledge, as

---

1. The Plaintiffs seem to blur the distinction between constructive knowledge and circumstantial evidence of actual knowledge. Showing constructive knowledge (e.g., under the facts and circumstances the cashier *should have* reasonably known of the other minors) is insufficient to establish liability under the statute at issue. Actual knowledge of the other minors and of their imminent driving, whether proved through direct or circumstantial evidence, is required.

   Contrary to Plaintiffs' assertion, proof of actual knowledge is possible from other methods besides admissions by convenience store employees. Circumstantial evidence indicating actual knowledge—such as a witness saying that he saw the cashier look at Lever with the other minors before entering the store, or that the witness overheard some statement by the cashier indicating an awareness of a group of minors affiliated with Lever—are two other possible types of circumstantial evidence that would have sufficed.

2. Lufran points, for example, to the deposition of Lever: "Q: You never saw the cashier looking out at either of the two vehicles, did you? A: No. I can't say I saw the cashier look outside, no. Q: So you don't know whether she, at any time, saw you come in or out of the vehicle? A: No. I can't say I—I've heard, no." Deposition of Scott A. Lever, p. 64.

3. Even though the cashier's alleged statement that she was "just given a fake i.d." by Defendant Lever might show a knowing or willful sale of alcohol to a minor, such a statement would not establish a knowing or willful sale or furnishing to anyone other than Lever, who never drove an automobile the night in question.

886

discussed above, is insufficient for liability under O.C.G.A. § 51–1–40.

By showing a lack of evidence or direct allegation in the record that Lufran's employee possessed actual knowledge of the other minors and their imminent driving, Lufran has pierced an essential element of the Plaintiffs' claim under O.C.G.A. § 51–1–40 and has demonstrated that the non-moving party cannot meet its burden of proof on this issue at trial. Lufran's Motion for Summary Judgment must therefore be GRANTED.

**ORDER ENTERED.**