S93A1164. RILEY et al. v. H & H OPERATIONS et al.
(436 SE2d 659)

HUNSTEIN, Justice.

Terry and Kristen Riley filed a personal injury claim against H & H Operations, Inc. and others seeking damages for injuries incurred in an automobile accident caused by a minor, Gary McQuithy, who was driving under the influence of alcohol purchased at a convenience store owned and operated by H & H. The trial court granted summary judgment in favor of the defendants. The Rileys appealed to the Court of Appeals; however, that court transferred the case to this

Court because the trial court had raised the issue of the constitutionality of OCGA § 51-1-40 ("the Act"). On remand of the case by this Court for resolution of this issue, the trial court upheld the constitutionality of the Act and reiterated its grant of summary judgment. Although we reject appellants' challenge to the Act and find it is constitutional, we reverse as to the grant of summary judgment to H & H.[1]

1. The Act insulates the provider of alcoholic beverages from liability to third persons. It also provides, however, that:

> a person who willfully, knowingly, and unlawfully sells, furnishes, or serves alcoholic beverages to a person who is not of lawful drinking age, knowing that such person will soon be driving a motor vehicle . . . may become liable for injury or damage caused by or resulting from the intoxication of such minor . . . when the sale, furnishing, or serving is the proximate cause of such injury or damage.

OCGA § 51-1-40 (b). The trial court ruled the Act constitutional by interpreting it as requiring the provider of alcohol to have *actual* knowledge that the purchaser is a minor and that the minor will be driving soon. The court also interpreted "will be driving soon" to mean "imminent driving, i.e., that which is likely to happen without delay." See *Manuel v. Koonce*, 206 Ga. App. 582, 585 (2) (425 SE2d 921) (1992). Thus construed, the trial court found the Act clear and specific enough to provide adequate notice to a provider of alcohol to satisfy due process requirements.

Appellee's sole contention as to the unconstitutionality of the Act is that the meaning of the words "driving soon" is not confined to "driving imminently," hence, a provider of alcohol is exposed to indeterminate liability because the driving, of which the provider is charged with knowledge, may occur hours after the sale (in this case, four and one-half hours later). Such uncertainty as to the extent of a provider's liability is claimed to violate the requirements of due process by being so vague that persons of common intelligence must guess at its meaning and differ as to its application. See *Anderson v. Little &c. Funeral Home*, 242 Ga. 751 (1) (251 SE2d 250) (1978).

In deciding constitutional challenges to civil statutes based on vagueness, however, we need only determine whether the statute in question provides fair notice to those to whom it is directed and enables those persons to determine the motivating legislative intent from the provisions of the statute itself. *Bryan v. Ga. Public Svc.*

---

[1] Although the notice of appeal filed February 24, 1993 shows Brian Holder as a defendant along with H & H, we have before us only the arguments of appellee H & H.

*Comm.,* 238 Ga. 572 (234 SE2d 784) (1977). We do not agree with appellee that the Act did not provide it with sufficient notice that it could be held liable for injuries occurring four and one-half hours after the sale of alcohol to a minor. Although "soon" does not have a fixed temporal meaning, in the context of the Act it is sufficiently definite and certain in meaning to give proper guidance to those bound by its terms. See *In re Suggs,* 249 Ga. 365 (291 SE2d 233) (1982). The dictates of due process do not demand that we construe "soon" as having so narrow a time frame as to exclude from the ambit of the Act an interval of four and one-half hours. Moreover, the intent of the legislature, as we note hereinbelow, is patently clear from a reading of the Act.

2. The trial court ruled that to be held liable under the Act, the provider of alcohol must have *actual* knowledge that the buyer is a minor who will be driving soon. We must disapprove this interpretation.

When the legislature enacted the Act in 1988, it abrogated the common law rule set forth in *Sutter v. Hutchings,* 254 Ga. 194 (1) (327 SE2d 716) (1985), and created a new cause of action. Under the common law rule, the provider of alcohol incurred no liability unless he or she actually knew the purchaser was underage and would be driving soon thereafter. *Whelchel v. Laing Properties,* 190 Ga. App. 182 (3) (378 SE2d 478) (1989). In construing the Act, we "look diligently for the intention of the General Assembly, keeping in view at all times the old law, the evil, and the remedy." OCGA § 1-3-1 (a). In OCGA § 51-1-40 (a) the legislature declared that the cause of injuries and damage inflicted by intoxicated persons is the consumption of alcohol rather than its distribution. Specifically excepted from that finding are those instances where the recipient of alcohol is underage or noticeably intoxicated. It follows then that one of the evils sought to be avoided by the Act is the distribution of alcohol to minors who will be driving motor vehicles. With this policy in mind, a construction of the Act requiring *actual* knowledge would render the Act an ineffective sanction, since only when the defendant admitted its own knowledge could the plaintiff prevail.[2] Furthermore, this Act must be read in context with OCGA § 3-3-23, prohibiting the sale of alcohol to

---

[2] The clarity of the legislature's intent is illustrated by the "safe harbor" provision of the Act:

[E]vidence that the person selling . . . alcoholic beverages had been furnished with and acted in reliance on identification as defined in [OCGA § 3-3-23 (d)] showing that the person to whom the alcoholic beverages were sold . . . was 21 years of age or older shall constitute rebuttable proof that the alcoholic beverages were not sold . . . willfully, knowingly, and unlawfully.

OCGA § 51-1-40 (c). If the Act required actual knowledge, such a defense would be unnecessary.

those under the age of 21. Subsection (h) imposes a duty upon the seller to request and see proper identification, where a "reasonable or prudent person could reasonably be in doubt as to whether or not the person to whom an alcoholic beverage is to be sold . . . is actually 21 years of age or older." The failure to verify such a person's age may be considered by the trier of fact in determining whether the seller furnished the alcohol knowingly. Id. This section requires the plaintiff to show only implied knowledge. Accordingly, we find that the policy behind the statute requires a broader reading of "knowingly" and "knowing" than that urged by the appellee. If one in the exercise of reasonable care should have known that the recipient of the alcohol was a minor and would be driving soon, he or she will be deemed to have knowledge of that fact.[3]

3. Appellants argue that the trial court improperly shifted the burden of proof to the nonmoving party on appellee's motion for summary judgment by requiring them to produce evidence of appellee's knowledge. We agree. McQuithy deposed that he drove to appellee's convenience store around 7:30 p.m. on September 24, 1988, parked in the parking lot, purchased a six-pack of beer from the sales clerk there, then drove away. He consumed about three and one-half cans of the beer before midnight. Later that same night while driving under the influence of alcohol he caused the accident that severely injured Mr. Riley. McQuithy's blood alcohol content was .08 two hours after the accident. It is uncontroverted that he had imbibed no alcohol other than the beer he purchased at the convenience store. McQuithy was charged with and pled guilty to driving under the influence.

In support of its motion, appellee relied on the affidavit of its employee, Diane Mayes, who averred she was the only employee on duty at the time in issue. She further stated: "I never knowingly and willfully sold alcohol to a minor. . . . I do not remember selling alcohol to Gary McQuithy [at the time and on the night in question] and do not believe that I did so. Even if I did sell alcohol to Gary McQuithy . . . I did not do so knowing that he was about to be driving a motor vehicle."

The burden on summary judgment is on the movant to show that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. OCGA § 9-11-56 (e); *Meade v. Heimanson*, 239 Ga. 177 (236 SE2d 357) (1977). Mayes' affidavit establishes only that she does not recall selling alcohol to McQuithy: it does not establish that she exercised such reasonable care to determine

---

[3] To the extent a contrary result is indicated by the language in *Manuel v. Koonce*, supra, and *Perryman v. Lufran, Inc.*, 209 Ga. App. 654 (434 SE2d 112) (1993), those cases are disapproved.

whether McQuithy was underage and would soon be driving as to negate constructive knowledge thereof on the part of appellee. Consequently, her affidavit does not eliminate the possibility that she, as appellee's employee, harbored a reasonable doubt regarding McQuithy's age, see OCGA § 3-3-23 (h), or that she knew or should have known that he would be driving soon. To say "I don't remember" does not establish that a fact did not exist or an event did not occur. See *Boss v. Food Giant*, 193 Ga. App. 434 (388 SE2d 37) (1989); *Hilsman v. Kroger Co.*, 187 Ga. App. 570 (2) (370 SE2d 755) (1988). Since appellee's evidence reflects only that its employee does not remember selling alcohol to McQuithy, appellee also has failed to show that no genuine issue of material fact remained either as to its constructive knowledge of the sale of alcohol to McQuithy or that it neither knew nor should have known that McQuithy would soon be driving.[4] Accordingly, having failed to negate essential elements of appellants' case, appellee was not entitled to summary judgment.

*Judgment reversed. All the Justices concur, except Clarke, C. J., Hunt, P. J., and Fletcher, J., who dissent.*

CLARKE, Chief Justice, dissenting.

I concur in Divisions 1 and 2 of the majority opinion. However, I must respectfully dissent to the majority's holding in Division 3 and the judgment.

In my opinion, the facts in this case neatly fit the holding in the case of *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). In that case, the court said:

A defendant who will not bear the burden of proof at trial need not affirmatively disprove the nonmoving party's case; instead, the burden on the moving party may be discharged by pointing out by reference to the affidavits, depositions, and other documents in the record that there is an absence of evidence to support the nonmoving party's case. If the moving party discharges this burden, the nonmoving party cannot rest on its pleadings, but rather must point to specific evidence giving rise to a triable issue.

Id. at 491.

With its motion for summary judgment, defendant H & H Operations produced the affidavit of Diane Mayes, the sales clerk that alleg-

---

[4] Given deposition testimony by McQuithy that he drove to appellee's convenience store, purchased the alcohol there without identification being requested, then drove away, it cannot be said that appellants, as the nonmoving party, have failed to adduce evidence to support their claim that appellee violated the Act so as to support summary judgment in favor of appellee under *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

edly sold the alcohol to McQuithy. Under oath, Ms. Mayes said that she was the only cashier working on the evening of September 24, 1988. She claims that she has never knowingly sold alcohol to a minor; that she did not remember selling alcohol to McQuithy; and that even if she did sell alcohol to McQuithy, she neither knew that he was a minor nor that he would soon be driving a motor vehicle. Appellants argue that because Ms. Mayes admits in her affidavit that she did not remember selling alcohol to McQuithy, she could not possibly remember if she knowingly sold the alcohol to a minor.

The statute requires that the defendant have implied knowledge that the underaged drinker will be driving soon. In his deposition, McQuithy reveals only that he parked his car in the parking lot. Under our holding in *Lau's*, the plaintiffs must come forward with some facts to support a claim that Ms. Mayes knew or should have known that McQuithy would be driving soon. Appellants point to no such evidence. The burden of implied notice does not impose upon the defendant the affirmative duty to inspect the parking lot to discover who is driving. An essential element of the plaintiff's case, any knowledge that McQuithy would be driving soon, is missing.

Because the plaintiffs failed to meet the burden imposed upon them by our holding in *Lau's*, it is my opinion that the defendant is entitled to a summary judgment.

I am authorized to state that Presiding Justice Hunt and Justice Fletcher join in this dissent.

DECIDED DECEMBER 3, 1993 —
RECONSIDERATION DENIED DECEMBER 16, 1993.

*David W. Boone, Leigh McCranie Smith,* for appellants.
*Long, Weinberg, Ansley & Wheeler, C. Bradford Marsh, Charles K. Reed, Albert B. Wallace,* for appellees.