United States Court of Appeals,
Eleventh Circuit.

No. 94-8009.

Joseph H. JAQUES, III, Diana V. Jaques, Plaintiffs-Appellants,

v.

James F. KENDRICK, III, Shannon Mitchell, Curt Hill, Scott Lever, Blake Beattie, Defendants,

Lufran, Incorporated, Defendant-Appellee.

Jan. 27, 1995.

Appeal from the United States District Court for the Southern District of Georgia. (No. CV190-291), Dudley H. Bowen, Jr., Judge.

Before COX, Circuit Judge, and FAY, Senior Circuit Judge, and CARNES[*], District Judge.

CARNES, District Judge:

Plaintiffs-Appellants Joseph H. Jaques, III, and Diana V. Jaques ("plaintiffs") brought this action against defendant-appellee Lufran, Inc., alleging that Lufran was negligent in selling beer to Scott Lever, a minor, and was therefore liable to Joseph Jaques for injuries resulting from an automobile collision between Jaques and James Kendrick, a minor to whom Scott Lever had given some of the beer. [1] Lufran moved for summary judgment, claiming that plaintiffs failed to satisfy the elements of O.C.G.A. § 51-1-40 (Michie Supp.1994), which governs liability for the sale of alcoholic beverages to minors. The district court

---

[*]Honorable Julie E. Carnes, U.S. District Judge for the Northern District of Georgia, sitting by designation.

[1]In their action, plaintiffs also named James Kendrick, Shannon Mitchell, Curt Hill, Scott Lever, and Blake Beattie as defendants. Only defendant Lufran, however, is a party to this appeal.

granted Lufran's motion, holding that defendants failed to meet the knowledge requirement of O.C.G.A. § 51-1-40, 831 F.Supp. 881 (1993).

I. Background

This case arose out of the following events. In the early evening of October 19, 1989, six minors—Scott Lever, James Kendrick, Shannon Mitchell, Angela Boyd, Blake Beattie, and Curt Hill—met in a Winn Dixie parking lot in Augusta, Georgia to make plans for their night together. At that time, Kendrick was driving his vehicle, a 1985 Ford Ranger, with Mitchell and Beattie as passengers in that vehicle. Hill was driving his vehicle, a 1985 Jeep Cherokee, with Lever and Boyd as passengers. The group planned to attend a party that was purportedly taking place somewhere around Lake Strom Thurmond, close to Lincolnton, South Carolina.

On the way to the lake, the group stopped at an Amoco gas station and convenience store, which is owned and operated by defendant Lufran. The vehicle in which Lever had been riding parked somewhere near the gas pumps. Lever exited the vehicle, and, by himself, entered the store and purchased a quantity of beer.[2] In order to purchase the beer, Lever furnished the cashier with a false driver's license that included a false date of birth.[3]

---

[2]There is a dispute as to the exact amount purchased, but it appears that Lever purchased at least eighteen (18) and most likely twenty-four (24) beers.

[3]O.C.G.A. § 51-1-40(c) provides that evidence that the person selling the alcoholic beverages has been furnished with and acted in reliance on identification showing the purchaser to be at least twenty-one years old constitutes rebuttable proof that the beverages were not sold willfully, knowingly, and

After Lever made his purchase and left the Amoco store, Kendrick, who also had parked his vehicle near the gas pumps, then entered the store to pay for gas that he had been pumping. After Kendrick left the store, the two vehicles departed the parking lot of the Amoco store.

Somewhere down the road at a point not visible from the Amoco store, the vehicles pulled over and Lever distributed the beer among the two vehicles. The two vehicles then headed toward Lake Strom Thurmond in order to find the party. Driving around for some time, the vehicles stopped at one point and Mitchell took over as driver of the Hill vehicle; Kendrick continued to drive his vehicle. While attempting to pass the Mitchell vehicle, the Kendrick vehicle struck the automobile being driven by Margaret Jaques Perryman. Joseph Jaques, who was a passenger in the Perryman vehicle, was seriously injured in the accident. Kendrick was charged with passing in a no passing zone and driving while under the influence of alcohol.

II. Discussion

We review grants of summary judgment under a *de novo* standard of review. *Reserve, Ltd. v. Town of Longboat Key,* 17 F.3d 1374, 1377 (11th Cir.1994). Summary judgment is appropriate when there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. The Court reviewing the motion must consider the evidence in the light most favorable to the nonmoving party. *Lordmann Enterprises, Inc. v. Equicor, Inc.* 32

unlawfully. In rebuttal, plaintiff offered Lever's deposition testimony that the cashier stated "that little fellow just showed me a fake ID," after Lever had purchased the beer. (R2-58-20.)

F.3d 1529, 1532 (11th Cir.1994).

> § 51-1-40(b) provides that one who:

> willfully, knowingly, and unlawfully sells, furnishes, or serves alcoholic beverages to a [minor], knowing that such person will soon be driving a motor vehicle, may become liable for injury or damage caused by or resulting from the intoxication of such minor ... when the sale, furnishing, or serving is the proximate cause of such injury or damage.

O.C.G.A. § 51-1-40(b) (Michie Supp.1994). Plaintiffs appeal the district court's grant of summary judgment for Lufran, asserting that the district court predicated its order on an erroneous conclusion that § 51-1-40(b) requires "actual knowledge" by the defendant that the recipient of the alcohol was a minor who would soon be driving. Plaintiffs contend that because such a requirement was subsequently disavowed in *Riley v. H & H Operations, Inc.,* 263 Ga. 652, 655, 436 S.E.2d 659 (1993), the district court's order must be reversed.

Defendant argues that the statute, itself, requires that the minor to whom the alcohol is provided must be the same minor whose intoxication results in the injury. Alternatively, defendant argues that plaintiff has adduced no facts to suggest either constructive or actual knowledge by the defendant of the required elements of the statute.

In *Riley,* the defendant's agent requested no identification prior to selling alcohol to a minor who later caused an automobile accident. Relying on the deposition testimony of the store clerk that she neither remembered the sale nor had ever knowingly sold alcohol to a minor, the trial court concluded that there was no showing of actual knowledge and it granted summary judgment for the defendant. The Georgia Supreme Court reversed, holding that a

requirement of "actual knowledge," as defined by the trial court, would create liability only when the seller admitted her own knowledge of the specified elements. Instead, the court ruled, the "knowing" element of the statute can be satisfied by "implied knowledge" or "constructive knowledge",[4] such that "[i]f one in the exercise of reasonable care should have known that the recipient of the alcohol was a minor and would be driving soon, he or she will be deemed to have knowledge of that fact." 263 Ga. at 655, 436 S.E.2d 659.

Assuming, without deciding, that § 51-1-40 permits liability when the person driving is not the underage purchaser, we find no evidence in the record to establish either actual or implied knowledge of the requisite elements of the statute. Kendrick, a non-purchasing, albeit ultimate consumer of some of the beer, allegedly caused the automobile accident. Accordingly, to survive a motion for summary judgment, plaintiffs were required to produce evidence suggesting the clerk should have known that, by selling beer to Lever, she was, in effect, also furnishing that beer to other minors who would soon be driving. The record, however, contains no evidence of facts that should have put the clerk on such notice. Lever, who had ridden in one vehicle, entered the store alone. It was only after Lever had left that Kendrick, who had ridden into the parking lot in a different vehicle, came into the store. Accordingly, there is nothing in the record to indicate actual or constructive knowledge by the clerk that Lever was with

---

[4]The court uses the terms "implied knowledge" and "constructive knowledge" interchangeably.

Kendrick or that Kendrick would be sharing Lever's beer.

For the above reasons, we conclude that the district court correctly granted summary judgment for the defendant and we AFFIRM.