[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
05/27/99
THOMAS K. KAHN
CLERK

No. 98-6438

D. C. Docket No. CV-97-PT 760-S

DEBRA THOMAS MEANS, an individual;
TRINI SHANELLE MEANS, a minor, who
sues her next friend and mother
Debra Thomas Means,

Plaintiffs-Appellants,

versus

UNITED STATES OF AMERICA,

Defendant-Appellee.

Appeal from the United States District Court
for the Northern District of Alabama

**(May 27, 1999)**

Before TJOFLAT, DUBINA and HULL, Circuit Judges.

DUBINA, Circuit Judge:

This is an appeal of the district court's grant of summary judgment in favor of the government in a claim brought pursuant to the Federal Tort Claims Act ("FTCA"). The issue presented on appeal is whether the district court correctly granted the government's motion for summary judgment on the ground that any alleged injury to the appellants was not "caused by the negligent or wrongful act or omission of any employee of the Government" as required under the FTCA. 28 U.S.C. § 1346(b) (emphasis added).

## I. BACKGROUND FACTS

In 1995, agents of the Federal Bureau of Investigation ("FBI"), and Jefferson County, Alabama, officials conducted an investigation into narcotics and weapons offenses by members of the Means family ("Means"). The appellants allege in their complaint that in executing federal arrest and search warrants, FBI agents broke down their door and assaulted them, resulting in physical injury and emotional distress.

In its motion for summary judgment, the government alleges that employees or agents of the federal government did not commit the torts of which the appellants complain. This is a prerequisite to jurisdiction under the FTCA. *See* 28 U.S.C. 1346(b). The government supports its motion with the sworn affidavits of federal and local law enforcement personnel. These affidavits demonstrate that federal officials did not control entry onto the appellants' premises. Indeed, the district court found that county SWAT team leaders, not federal law enforcement personnel, determined the method of entry as well as the force they believed was necessary to secure the Means residence. The court further found that the appellants failed to establish a material factual issue as to whether the FBI controlled or directed the entry or the methods the county SWAT team used in entering and securing the Means residence. The district court

2

concluded that no federal government employees committed any act which resulted in any injury to the appellants, and therefore, the appellants' complaint was not actionable under the FTCA.

FBI agents briefed county officials the day before the officers executed the warrants and advised them that they believed that Wendell Means, who lived at the residence with the appellants, was armed and dangerous, and potentially mentally unstable, and had been involved in one or more homicides. The record is uncontroverted that the Jefferson County SWAT team, under the leadership of a Jefferson County deputy, secured the Means residence. The team leader had discretion regarding the entry and security of the premises.

The day the county officials executed the search warrant, two federal agents, FBI Special Agent Fleming and IRS Special Agent Fontanette, were at the Means residence. Agent Fleming supervised the personnel taking part in the execution of the warrant, but only after local officers had secured the premises. Neither Agent Fleming nor Agent Fontanette supervised the local officers who entered the premises and secured the scene before the search.

County law enforcement officers used a flash bang device to enter the Means residence. A flash bang device is a distraction device utilized by law enforcement personnel under various circumstances. After the local officers secured the premises, FBI agents searched the house. While they were in the residence, none of the federal agents saw anyone point a firearm at anyone, or assault the appellants, or otherwise engage in unprofessional or inappropriate conduct.

After the officials searched the residence, they arrested Wendell Means. The flash bang device burned Debra Means's leg, fractured her left small toe, and blew the nail off a toe. Debra Means remained in the hospital for two days and incurred medical expenses in excess of $3,500.

3

She and her daughter Trini also claim that the officers' entry onto the premises caused them "severe emotional trauma" and damaged their house.

## II. **STANDARD OF REVIEW**

This court reviews the district court's grant of a motion for summary judgment *de novo*, applying the same legal standards used by the district court. *See Parks v. City of Warner Robins, Ga.*, 43 F.3d 609, 612-13 (11th Cir. 1995). "Summary judgment is appropriate when there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. The Court reviewing the motion must consider the evidence in the light most favorable to the nonmoving party." *Jaques v. Kendrick*, 43 F.3d 628, 630 (11th Cir. 1995).

## III. **DISCUSSION**

It is well settled that sovereign immunity bars suit against the United States except to the extent that it consents to be sued. *See, e.g., United States v. Mitchell*, 445 U.S. 535, 538 (1980); *Powers v. United States*, 996 F.2d 1121, 1124 (11th Cir. 1993). It is equally settled that statutory waivers of sovereign immunity "are to be construed strictly in favor of the sovereign." *McMahon v. United States*, 342 U.S. 25, 27 (1951).

Congress has authorized a limited waiver of sovereign immunity under the FTCA

> for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b).  *See also United States v. Orleans*, 425 U.S. 807, 813 (1976).  The alleged tortfeasor's status as an "employee of the government" is the *sine qua non* of liability under the FTCA.  *See Sheridan v. United States*, 487 U.S. 392, 400-01 (1988) (the "basic waiver" of immunity under the FTCA covers only torts committed by government employees acting within the scope of their employment).

The FTCA defines an "employee of the government" to include "officers or employees of any federal agency . . . and persons acting on behalf of a federal agency in an official capacity." 28 U.S.C. § 2671.  Whether an individual is an employee of the United States for purposes of the FTCA is determined by federal law.  *See  Logue v. United States*, 412 U.S. 521, 528 (1973); *Ezekiel v. Michel*, 66 F.3d 894, 899 (7th Cir. 1995).

In determining whether an individual is an "employee of the government" under the FTCA, courts have adopted what is called the "control test."  *See, e.g., Robb v. United States*, 80 F.3d 884, 887-91 (4th Cir. 1996); *Ezekiel*, 66 F.3d at 899-904; *Carrillo v. United States*, 5 F.3d 1302, 1304-05 (9th Cir. 1993); *Bird v. United States*, 949 F.2d 1079, 1084-88 (10th Cir. 1991); *Leone v. United States*, 910 F.2d 46, 49-50 (2nd Cir. 1990).   Under this test, a person is not an "employee of the government" for FTCA purposes unless the government controls and supervises the day-to-day activities of the individual.  *See Logue*, 412 U.S. at 526-32; *Orleans*, 425 U.S. at 815.

In this case, the appellants do not contend that the county law enforcement officials who committed the alleged tortious conduct were officers or employees of a federal agency; rather, they argue that the county employees were "acting on behalf of a federal agency in an official capacity."  *See* 28 U.S.C. § 2671.  The government counters that the control test applies, and

therefore, that the county employees were not acting on behalf of the federal government unless federal agents supervised the raid.  *See Orleans*, 425 U.S. at 815.

The undisputed record evidence shows that the Jefferson County Sheriff's deputies were the persons who entered the appellants' residence and secured the premises.  The SWAT team and the county deputy sheriff commanding the team made all tactical decisions as to the best method of entering the house and the appropriate amount of force to use to secure the premises. While federal agents provided background information about Wendall Means and a previous search of his residence, they did not participate in the raid.  We therefore conclude that the district court correctly held that the fact that FBI agents informed county officials as to the circumstances surrounding the previous search "fall[s] short of supporting a finding that the F.B.I. had control over or directed the actions taken or methods used by the county SWAT team in entering and then securing the Means' residence."  (R1-13-19-20).

The appellants contend that the *Logue* control test is inapplicable here and that the district court erred in applying the test.  Specifically, the appellants argue that *Logue* involved an exception to the FTCA concerning independent contractors, *see* 28 U.S.C. § 2671, and that the control test is limited to those circumstances.  We disagree.

In *Logue*, the Supreme Court held that a person is not an "employee of the government" unless the government has the authority to supervise the day-to-day activities of that individual. 412 U.S. at 527-29.  In *Logue*, the Supreme Court found that the government was not liable for the negligence of county jail employees that resulted in the suicide of a prisoner.  Even though the county jail had a contract with the Federal Bureau of Prisons and was subject to federal regulations, the Court found that the county jail was an independent contractor, and not a federal

6

employee, because the Federal Bureau of Prisons did not supervise the county jail's performance of its duties. Significantly, using the same control test rationale, the district court in *Logue* also held that the county jail employees were not "acting on behalf of the government" within the meaning of 28 U.S.C. § 2671. This is precisely the statutory language upon which the appellants rely in this case. *See Logue*, 412 U.S. at 525-26.

Although *Logue* focused sharply on the distinction between independent contractors and federal agency employees, the Supreme Court also considered the possibility that a contractor could act "on behalf of the government," as the appellants assert here with regard to county law enforcement personnel. The central jurisdictional question under the FTCA remains whether the alleged tortfeasor is an "employee of the government" and that determination is to be made by reference to the degree of physical control the government exercised. An individual cannot be an "employee of the government" under the FTCA absent governmental authority to supervise or control that person's daily activities.

Cases after *Logue* well support the application of the control test regardless of whether the independent contractor exception is at issue. *See Charlima, Inc. v. United States*, 873 F.2d 1078 (8th Cir. 1989); *Alexander v. United States*, 605 F.2d 828 (5th Cir. 1979)[1]; *Thompson v. Dilger*, 696 F. Supp. 1071 (E.D. Va. 1988). None of these cases stands for the proposition that the control test is limited exclusively to the independent contractor exception.

The appellants rely on a single district court decision to support their argument. In *Van Schaick v. United States*, 586 F. Supp. 1023 (D.S.C. 1983), the court held that a county deputy

---

[1]     In Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent the decisions of the former Fifth Circuit issued before October 1, 1981.

sheriff and a city police officer who were authorized in writing by an assistant United States attorney to arrest an individual on drug charges were "agents of the United States" within the meaning of the FTCA. Thus, the court concluded that the United States was liable for false imprisonment where the local officials failed to take the individual before a federal magistrate within a reasonable time after his arrest. *See id.* at 1033. In our view, *Van Schaick* is distinguishable from the present case because the district court determined that the local officials were liable for actions committed after the arrest – actions which would normally fall within the province of federal officials. In this case, the appellants make no claim that federal agents committed any tortious activity during the time they were in control of and supervising the operation at the Means's residence, *i.e.*, during the search that followed the initial entry by county officials. More significantly, the district court in *Van Schaick* fails to provide any cogent reasoning or test for determining when an individual is to be deemed an "employee of the government." Finally, contrary to the appellants' assertion, the district court in *Van Schaick* did not discuss, much less hold, that the control test applied only in determining whether individuals were independent contractors under the FTCA.

In conclusion, under *Logue* and its progeny, we hold that the threshold test for determining whether an individual is an "employee of the government" is whether the government supervised the day-to-day activities of the individual who allegedly committed the tortious acts. Because the record in this case demonstrates that the county officials who allegedly committed the tortious acts about which the appellants complain are not employees of the federal government within the meaning of the FTCA, there is no federal jurisdiction.

8

Accordingly, we affirm the district court's grant of summary judgment in favor of the government.

**AFFIRMED.**