**SECOND DIVISION**
**MILLER, P. J.,**
**MARKLE and LAND, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

June 24, 2024

# In the Court of Appeals of Georgia

A24A0281. MONTERREY MEX, INC. v. COLLINS.

LAND, Judge.

Jamel Lamarr Collins brought this suit against restaurant Monterrey Mex, Inc. ("Monterrey"), among others, to recover for injuries he sustained in a September 2019 motor vehicle accident caused by Margaret Gorham, who rear-ended Collins while driving under the influence of alcohol. Monterrey moved for summary judgment, arguing that under Georgia's Dram Shop Act, OCGA § 51-1-40 (b), Collins could not show that the restaurant served alcohol to Gorham while knowing that she would soon be driving a motor vehicle. The trial court denied the motion, holding that a jury question existed as to the restaurant's knowledge because of Gorham's affidavit testimony that her keys were "in plain view" as she walked into the restaurant and sat

down at the table. The trial court issued a certificate of immediate review, and we granted Monterrey's application for interlocutory appeal. Monterrey now argues that the trial court erred in finding that Gorham's affidavit created a question of material fact as to whether Monterrey knew or should have known that Gorham would soon be driving. We affirm.

"Summary judgment is appropriate when no genuine issues of material fact remain and the moving party is entitled to judgment as a matter of law. On appeal, we review a trial court's grant of summary judgment de novo, construing the evidence and all inferences drawn from it in a light favorable to the nonmovant."[1] (Citations and punctuation omitted.) *Stolte v. Hammack*, 311 Ga. App. 710, 710 (716 SE2d 796) (2011).

Construing the evidence in favor of the non-movant as we must, the record in this case shows that on the evening of September 15, 2019, Gorham met with three co-

[1] Monterrey argues that the trial court applied the wrong standard under summary judgment when it granted Collins "the benefit of all favorable inferences" rather than "the benefit of the reasonable inferences from the evidence." This argument is misplaced. See *Fulton County. v. Ward-Poag*, 310 Ga. 289, 292 (1) (a) (849 SE2d 465) (2020) ("In reviewing the evidence [on a motion for summary judgment], a court must construe all facts and draw all inferences in favor of the non-movant. We must view the evidence in the same manner on appeal.") (citations and punctuation omitted).

workers for dinner and drinks at Monterrey's Roswell location. Gorham was under 21 years old at the time. She was a "regular" customer of this restaurant and had gone there many times to consume alcohol because she knew Monterrey would serve her alcohol without checking for identification.

According to her affidavit,[2] Gorham drove her own vehicle to the restaurant and arrived at approximately the same time as two of her co-workers. She parked "directly in front of the restaurant's large glass windows" (as she had often done in the past), exited her vehicle, and walked in with her two co-workers while carrying her keys in her hand. Her car was visible from inside the restaurant. The group walked past the host and joined their other co-worker, who was already seated at a booth. As Gorham walked through the restaurant and sat down at her booth, her Honda car key was in plain view and "visible to the host and waiter."

A server walked over to take the group's orders.[3] In addition to food, the group ordered a pitcher of frozen margaritas and two shots of tequila each. Gorham was not

---

[2] Monterrey did not move to exclude Gorham's affidavit.

[3] Neither party obtained the server's testimony about what he observed or heard at the table.

asked for her driver's license or other proof of age before being served alcohol, and she testified at her deposition that she drank three margaritas and agreed that she "likely" drank two shots of tequila. After paying at approximately 9:45 p. m., Gorham and her co-workers left the restaurant as a group. Gorham testified that she did not recall whether anyone saw the group walk out of the restaurant and that her keys were either "in [her] hand or in [her] purse." Neither Gorham nor any of her co-workers spoke to anyone at Monterrey about how they had traveled to the restaurant that evening or how they planned to travel once leaving the restaurant.

After leaving the restaurant, Gorham suggested that the group go to another bar in Buckhead. Gorham then drove one of her co-workers to a bar in Buckhead. Gorham and her co-worker eventually left the bar in Gorham's car. At approximately 1:46 a. m., as Gorham was driving northbound on Georgia State Route 400, she missed an exit ramp and ended up in an emergency lane where she rear-ended Collins' vehicle, which was disabled on the right-hand shoulder. Gorham's blood alcohol level at the time of the crash was .25, and she was charged with and pleaded guilty to driving under the influence.

Collins filed suit against Gorham and her parents and later filed an amended complaint in which he asserted claims against Monterrey under Georgia's Dram Shop Act, OCGA § 51-1-40 (b). Monterrey filed a motion for summary judgment, arguing that Collins could not establish that it provided alcohol to Gorham knowing "she [w]ould soon be driving a motor vehicle" as required by OCGA § 51-1-40 (b).[4]

After a hearing on the motion, for which no transcript appears in the record, the trial court denied Monterrey's motion for summary judgment. In its order, the trial court found that "[g]ranting [Collins] the benefit of all favorable inferences, the presence of [Gorham's] keys would exclude the possibility that she arrived as a passenger and tend to render less likely the possibility that she would not be driving when she left." As a result, the trial court found that a question of material fact remained as to whether the circumstances indicated that Gorham would soon be driving when Monterrey provided her with alcohol. The trial court issued a certificate of immediate review, and this appeal followed.

---

[4] It is undisputed that Monterrey served alcohol to Gorham.

In a single enumeration of error, Monterrey argues that the trial court erred in denying its motion for summary judgment because there was no evidence that it knew that Gorham would soon be driving. We disagree.

Under Georgia's Dram Shop Act,

a person who willfully, knowingly, and unlawfully sells, furnishes, or serves alcoholic beverages to a person who is not of lawful drinking age, *knowing that such person will soon be driving a motor vehicle* . . . may become liable for injury or damage caused by or resulting from the intoxication of such minor . . . when the sale, furnishing, or serving is the proximate cause of such injury or damage.

(Emphasis supplied.) OCGA § 51-1-40 (b). "[O]ne of the evils sought to be avoided by the Act is the distribution of alcohol to minors who will be driving motor vehicles." *Riley v. H & H Operations, Inc.*, 263 Ga. 652, 654 (2) (436 SE2d 659) (1993). "With this policy in mind, a construction of the Act requiring *actual* knowledge would render the Act an ineffective sanction, since only when the defendant admitted its own knowledge could the plaintiff prevail." (Footnote omitted; emphasis in original.) Id. Accordingly, "[i]t is a long-standing rule that the Act does not require that the person selling, furnishing, or serving alcohol have actual knowledge that the patron was soon to drive." (Footnote omitted.) *Becks v. Pierce*, 282 Ga. App. 229, 233 (1) (638 SE2d

6

390) (2006). Constructive knowledge is sufficient under the Act, and if there is evidence that the provider of alcohol has reason to know that its underage minor patron will soon be driving, that is sufficient to create a question for the jury. See, e. g., *Riley*, 263 Ga. at 656 n. 4 (3) (deposition testimony that minor drove to convenience store, purchased alcohol without showing identification, and drove away was sufficient to create jury question as to store's knowledge that minor would soon be driving). While constructive knowledge will suffice, providers of alcohol do not have an "affirmative duty . . . to determine the method by which a patron plans to depart the business establishment, *and* how that patron plans eventually to get home." (Citation omitted; emphasis in original.) *Sugarloaf Café, Inc. v. Willbanks*, 279 Ga. 255, 256-257 (612 SE2d 279) (2005).

In determining whether a provider of alcohol has constructive knowledge, the patron's "intention" to drive at the time he or she leaves the restaurant "is not the relevant inquiry under the statute." *Becks*, 282 Ga. App. at 234 (1). Rather, "[i]f one in the exercise of reasonable care should have known that the recipient of the alcohol was a minor and would be driving soon, he or she will be deemed to have knowledge of that fact." (Footnote omitted.) *Riley*, 263 Ga. at 655 (2). See e. g., *Griffin Motel Co.*

7

*v. Strickland*, 223 Ga. App. 812, 815 (2) (479 SE2d 401) (1996) (genuine issue of material fact as to whether motel should have known that intoxicated patron would be driving soon where there was evidence that patron made known his intention to leave and was observed by motel employees getting into his truck and driving away).

Georgia courts have previously indicated that the presence of keys in plain view may be sufficient to create a jury question on the alcohol provider's constructive knowledge that its patron may soon be driving. For example, in *Baxley v. Hakiel Indus., Inc.*, 282 Ga. 312, 314 (647 SE2d 29) (2007), our Supreme Court held that deleted surveillance video of the interior of a bar "could have contained evidence relevant to the critical issue of whether [the patron] would soon be driving, e.g., an image of her *walking through [the bar] with keys in hand* or leaving with another person." (Emphasis supplied). Similarly, in *Becks*, 282 Ga. App. at 234, *supra*, we held that a plaintiff could not show that the bar had knowledge that the patron would soon be driving because "there was no evidence that [the patron] *displayed his keys at any time* or otherwise did anything to indicate that he might be driving." (Emphasis supplied).

"[A]t the summary-judgment stage, we do not resolve disputed facts, reconcile the issues, weigh the evidence, or determine its credibility, as those matters must be

8

submitted to a jury for resolution." (Punctuation and footnote omitted.) *Brack v. CPPI of Ga.*, 357 Ga. App. 744, 745-746 (849 SE2d 521) (2020). See also *Northside Equities, Inc. v. Hulsey*, 275 Ga. 364, 365 (567 SE2d 4) (2002) ("It is important to remember that this case is not at a stage of presenting evidence to a fact-finder in order to resolve issues of fact . . . [and] while a movant's evidence is to be carefully scrutinized, a respondent's evidence is to be treated with indulgence.")

In this case, viewing the evidence and all reasonable inferences drawn therefrom in the light most favorable to Collins as the nonmovant, the evidence was sufficient to create a jury question as to whether Monterrey knew or should have known that Gorham would soon be driving. In her affidavit, Gorham attested that she was holding her keys as she entered the restaurant and walked to the booth, that her car key (with its visible Honda emblem) would have been visible to the host and waiter as she walked in, and that her keys were in plain view as she sat down at the table and proceeded to consume the margaritas and tequila shots served to her by the restaurant. Moreover, although Monterrey did not have an affirmative duty to determine whether Gorham intended to drive herself home from the restaurant, Gorham stated that she parked her car directly outside a large glass window (just as she had done many times

9

in the past when she drove to the restaurant to eat and drink alcohol) and that her car was visible from inside the restaurant. See *Flores v. Exprezit! Stores 98-Georgia, LLC.*, 289 Ga. 466, 469 (713 SE2d 368) (2011) ("When a [defendant-provider] sells alcoholic beverages to a customer it will often have an opportunity to observe how the customer arrived and, conversely, the manner in which he will depart"). Under these circumstances, and giving Collins the benefit of all reasonable inferences from the evidence, we conclude that the trial court did not err in denying Monterrey's motion for summary judgment. *Riley*, 263 Ga. at 656 (3).

*Judgment affirmed. Miller, P. J., and Markle, J., concur.*