A96A1424. GRIFFIN MOTEL COMPANY v. STRICKLAND.
A96A1425. GRIFFIN MOTEL COMPANY v. SCOGGINS.
A96A1426. GRIFFIN MOTEL COMPANY v. REDDING.
(479 SE2d 401)

RUFFIN, Judge.

Charles Strickland, Edgar Scoggins and William Redding sued Griffin Motel Company ("Griffin Motel") for damages sustained in an automobile collision involving only one vehicle.[1] Thomas Strickland, the father of Charles Strickland, Scoggins and Redding were passengers in the vehicle, which was driven by John Wilson. Thomas Strickland was killed in the collision. Charles Strickland, Scoggins and Redding argue that Griffin Motel proximately caused the collision because it knowingly furnished and served alcoholic beverages to Wilson, who was at the time noticeably intoxicated, knowing that Wilson would soon be driving a motor vehicle. Griffin Motel filed a motion for summary judgment, arguing that Charles Strickland, Scoggins and Redding were barred from suing the motel because they were "consumers" within the meaning of OCGA § 51-1-40 (b). The trial court denied its motion, and Griffin Motel appeals from these orders. For reasons which follow, we affirm.

"[S]ummary judgment is appropriate when the court, viewing all the facts and reasonable inferences from those facts in a light most favorable to the non-moving party, concludes that the evidence does not create a triable issue as to each essential element of the case." *Lau's Corp. v. Haskins*, 261 Ga. 491, 495 (4) (405 SE2d 474) (1991). Viewed in that light, the record shows the following. At approximately 2:00-3:00 p.m., Redding arrived at the motel to either visit his wife, who worked as a housekeeper at the motel, or to visit Scoggins, who was the motel's maintenance man. While there, the motel's air-

---

[1] Charles Strickland is suing for the wrongful death of his father, Thomas Strickland.

conditioning system malfunctioned. Redding called Thomas Strickland, an electrician and a good friend, to repair the system. Thomas Strickland and a friend arrived at the motel at approximately 5:30 p.m. and repaired the system. In the meantime, Wilson arrived at the motel to give Scoggins a ride home. Scoggins' shift at the motel ended at 5:30 p.m. In lieu of payment for their services, the motel's general manager took Redding and Strickland, together with the other men, to the bar and bought each of them two drinks. After buying the two drinks, the general manager left. The others remained at the bar drinking.

At some point during the evening, the friend who arrived with Thomas Strickland took Strickland's vehicle. Scoggins left the bar and went to Wilson's truck to sleep. Between 15 and 20 minutes later, Kathy White, the motel's bartender, went to the truck and awakened Scoggins to assist her in helping Strickland, who had fallen. The desk clerk found Strickland drunk and sitting against a wall next to the pool. According to White, all of the men had the same number of mixed drinks except for Wilson, who had one more than the others. The desk clerk observed the truck as it left the motel at approximately 10:00 p.m. As Wilson was driving the truck home, he missed a curve and lost control of the vehicle.

1. Griffin Motel asserts that the trial court erred in denying its motion for summary judgment because the trial court misinterpreted OCGA § 51-1-40 (b). According to Griffin Motel, the statute barred Strickland, Scoggins and Redding's suit because they were "consumers" within the meaning of the statute. We disagree.

OCGA § 51-1-40 (b) provides, in part, that "[a] person . . . who knowingly sells, furnishes, or serves alcoholic beverages to a person who is in a state of noticeable intoxication, knowing that such person will soon be driving a motor vehicle, may become liable for injury or damage caused by or resulting from the intoxication of such . . . person when the sale, furnishing, or serving is the proximate cause of such injury or damage." It further provides that "[n]othing contained in this Code section shall authorize the consumer of any alcoholic beverage to recover from the provider of such alcoholic beverage for injuries or damages suffered by the consumer." Id.

"In construing the Act [OCGA § 51-1-40], we 'look diligently for the intention of the General Assembly, keeping in view at all times the old law, the evil, and the remedy.' [Cit.]" *Riley v. H & H Operations*, 263 Ga. 652, 654 (2) (436 SE2d 659) (1993). Griffin Motel argues that Strickland, Scoggins and Redding are "consumers" within the meaning of the last sentence of OCGA § 51-1-40 (b) and are, therefore, barred from recovery by the statute. However, construing the last sentence of OCGA § 51-1-40 (b) in the context of the entire paragraph, we find that the statute, including the last sen-

tence, is intended to apply to *drivers* of motor vehicles who are consuming alcohol. It specifically states when a provider of alcohol may be liable for damages caused by drivers of motor vehicles to whom it serves alcohol.

This interpretation is bolstered by numerous cases discussing the rationale for not allowing the *consumer driver* to sue the provider of alcohol. See, e.g., *Steedley v. Huntley's Jiffy Stores,* 209 Ga. App. 23 (2) (432 SE2d 625) (1993). According to that rationale, the negligence of the consumer driver is greater than the negligence of the provider since the consumer driver has had the last opportunity to avoid the effect of alcohol by not driving while intoxicated. Id.

Griffin Motel cites no cases, and we can locate none, where a third party consumer of alcohol is precluded from suing a provider of alcohol. In *Steedley,* supra, relied upon by Griffin Motel, an intoxicated consumer driver attempted to recover for his own injuries. This is clearly not permissible under the statute. The present case involves third parties who were not driving a motor vehicle, attempting to recover for their injuries. While these individuals can be termed "consumers" in the general sense, we agree with the trial court's analysis that the term "consumer" as used in OCGA § 51-1-40 (b) means one who purchases and consumes alcohol, then injures himself; not one who purchases and consumes alcohol, then is injured by another.

While Griffin Motel cites *Goss v. Richmond,* 146 Mich. App. 610 (381 NW2d 776) (1985), as support for this proposition, that case is not binding authority in Georgia. Moreover, that case centers on an assumption of risk analysis, not a statute such as OCGA § 51-1-40 (b).

It is clear that in OCGA § 51-1-40 the General Assembly sought to avoid the sale of alcoholic beverages to minors and to noticeably intoxicated individuals. Although the law does not permit the intoxicated consumer to sue the provider of the alcohol for his own negligence and recover for his own injuries, the language does allow third parties who are injured to recover, regardless of whether they also consumed alcohol. Thus, the trial court did not err in its interpretation of OCGA § 51-1-40 (b).

2. Griffin Motel asserts that under OCGA § 51-1-40, the provider of alcohol must have "actual knowledge" that Wilson would be driving soon. This argument is without merit.

The Supreme Court has held that "[i]f one in the exercise of reasonable care should have known that the recipient of the alcohol . . . would be driving soon, he or she will be deemed to have knowledge of that fact." *Riley,* supra at 655. The court further stated that "a construction of the Act requiring *actual* knowledge would render the Act an ineffective sanction, since only when the defendant admit-

ted its own knowledge could the plaintiff prevail." (Emphasis in original.) Id. at 654.

In this case, there is evidence that Griffin Motel should have known that Wilson would be driving. Wilson arrived at the motel to pick up Scoggins, who did not have a vehicle. According to Wilson, while drinking with the motel manager, Wilson told Scoggins several times "let's go. Come on and let's go. I wanted to get back to Atlanta." In addition, the evidence shows that the motel's bartender went out to Wilson's truck, awakened Scoggins, and asked him to help with Strickland, who had fallen. The evidence further shows that the desk clerk observed Wilson assist Strickland to the truck, get in the truck with the other passengers, and leave the motel. These circumstances raise genuine issues of material facts as to whether Griffin Motel should have known that Wilson would be driving soon after leaving the bar.

While Griffin Motel argues that the holding in *Riley* is limited to cases involving minors, this limitation was never articulated by the Court, and we decline to adopt this interpretation of *Riley* since the Act does not distinguish for this purpose between recipients of alcohol who are underage and those who are noticeably intoxicated.

Based on the foregoing, the trial court did not err in denying Griffin Motel's motion for summary judgment.

*Judgment affirmed. McMurray, P. J., and Johnson, J., concur.*

DECIDED NOVEMBER 18, 1996 —
RECONSIDERATION DENIED DECEMBER 5, 1996.

*Lokey & Smith, G. Melton Mobley, Jon W. Burton*, for appellant.
*Frank L. Derrickson*, for appellees.