### A04A1729. TOWNSEND v. DELTA AIRLINES, INC.
#### (605 SE2d 54)

PHIPPS, Judge.

Jack Townsend sued James Serio and Delta Airlines, Inc. for injuries he sustained when Serio drove his vehicle across the center-line of a road and collided head on with a vehicle being driven by Townsend in the opposite direction. Townsend alleges that, at the time of the collision, Serio was intoxicated as a result of Delta Airlines serving him an excessive quantity of alcoholic beverages on the return leg of a round-trip Atlanta/Milwaukee flight. Townsend has

---

[15] See *Jones*, supra; *Blanchard*, supra; *Black*, supra.

[16] See *St. Paul Reinsurance Co. v. Ross*, 266 Ga. App. 75, 79 (2) (596 SE2d 193) (2004).

asserted a claim against Delta under the Georgia dram shop statute. Concluding that the Georgia dram shop statute has no application to an airline's service of alcohol on an interstate flight, the Superior Court of Fulton County granted Delta's motion to dismiss. We reverse.

Although the license to sell liquor is a privilege rather than a right, at common law,[1] the tavern owner enjoyed an immunity from liability from the results of his serving intoxicants.[2] But under Georgia's dram shop statute, OCGA § 51-1-40 (b),

> one who "knowingly . . . sells, furnishes, or serves alcoholic beverages to a person who is . . . in a state of noticeable intoxication, knowing that such person will soon be driving a motor vehicle," may become liable for injuries resulting from such intoxication when the sale, furnishing, or serving is the proximate cause of such injury or damage.[3]

The purposes of dram shop statutes such as Georgia's include compensation for damages resulting from intoxication-related incidents and encouragement of responsible serving practices.[4] For its part, the Federal Aviation Administration has enacted a regulation codified at 14 CFR § 121.575 forbidding the service of alcoholic beverages to any aircraft passenger who appears to be intoxicated. It has been held, however, that 14 CFR § 121.575 does not create a cause of action in favor of persons who were not aircraft passengers.[5]

Townsend's complaint, as originally filed, named Serio as sole defendant. Townsend later amended his complaint to add Delta as a defendant and to assert a claim against it under Georgia's dram shop statute. Delta moved to dismiss, arguing that the Georgia statute does not create a cause of action for service of alcohol on board an interstate flight. In response, Townsend again amended his complaint to add a claim against Delta for violation of 14 CFR § 121.575.

Delta then exercised its right to remove the case to federal district court. Because Townsend was not an aircraft passenger, the federal court granted Delta's motion to dismiss the federal claim. But the court further concluded that federal law does not preempt state tort claims and that whether the Georgia dram shop statute would apply to this case is a matter for Georgia courts to determine.

---

[1] It is undisputed that Delta holds a Georgia liquor license.

[2] *Reeves v. Bridges,* 248 Ga. 600, 602 (284 SE2d 416) (1981).

[3] (Footnote omitted.) *Hulsey v. Northside Equities,* 249 Ga. App. 474, 476 (2) (548 SE2d 41) (2001), aff'd, *Northside Equities v. Hulsey,* 275 Ga. 364 (567 SE2d 4) (2002).

[4] 45 AmJur2d 923, Intoxicating Liquors, § 508 (1999).

[5] See *O'Leary v. American Airlines,* 475 NYS2d 285 (N.Y. App. Div. 1984).

Therefore, the federal court refused to dismiss Townsend's state claims against Delta, and the case was remanded to the superior court. On remand, Delta again moved to dismiss, and the superior court granted Delta's motion.

In concluding that Townsend has no cause of action against Delta under the Georgia dram shop statute, the superior court found persuasive the reasoning of *Manfredonia v. American Airlines.*[6] Manfredonia was a passenger on an American Airlines flight from New York to Los Angeles. En route, she was assaulted by an intoxicated passenger. She sued the airline under the New York dram shop statute and obtained a judgment. On appeal, the New York appellate court reversed and remanded for a new trial. The court held that although the judgment could not rest on the theory that the airline was liable for violation of the state dram shop statute, a recovery could be based on violation by the airline of the federal regulation forbidding service of alcoholic beverages to an intoxicated airline passenger. The *Manfredonia* court reasoned that since the alcoholic beverages were served during the flight, both the sale of the liquor and the injuries occurred beyond the limits of New York. Consequently, the court concluded that application of the New York statute in the case would give the act an extraterritorial effect neither authorized by New York law nor intended by the New York legislature. Moreover, the court held that the New York dram shop statute could not be applied to an interstate flight on grounds of federal preemption, i.e., because federal law exclusively governs the operation, control, and safety of air carriers. In reliance on *Manfredonia*, the superior court in this case concluded that Georgia's dram shop statute cannot be applied, because the alcoholic beverages were served on an airplane outside the state of Georgia.

Townsend filed a direct appeal of the dismissal order, even though an order dismissing only one of multiple defendants is not a final judgment. Consequently, the appeal was dismissed. On remand, however, the superior court granted Townsend's motion to have the dismissal order designated a final judgment under OCGA § 9-11-54 (b). Townsend then filed this appeal.

1. In ruling on Delta's motion to dismiss, the superior court was not authorized under Georgia law to find that service of the alcohol in this case occurred outside the state of Georgia.

In his pleadings, Townsend alleged that as a reward for being a frequent flier, Delta upgraded Serio's status to that of a first class passenger; that it served him an excessive quantity of alcoholic beverages in the form of red wine long after he had become noticeably

---

[6] 416 NYS2d 286 (N.Y. App. Div. 1979). .

intoxicated; and that it did not stop serving him the wine until the plane had landed in Atlanta. In deciding a motion to dismiss, all pleadings are to be construed most favorably to the party who filed them.[7] Therefore, for the purpose of deciding Delta's motion to dismiss, the court should have found that in this case Delta did serve Serio alcoholic beverages while flying over the state of Georgia. Georgia taxes and regulates the sale and distribution of alcoholic beverages by licensed airlines both in and over the state of Georgia.[8] Consequently, the question of whether Georgia's dram shop statute can be applied extraterritorially to distribution of alcoholic beverages outside the state where the injury occurs in the state is not presented in this case.[9]

Instead, the question is whether the Georgia legislature intended the dram shop statute to apply where an airline serves alcoholic beverages to a person over the state of Georgia, and such person proceeds to operate a motor vehicle on a Georgia highway while under the influence of the alcohol and injures another. Surely, the Georgia legislature intended our dram shop statute to apply in these circumstances.[10]

2. The next question is whether federal preemption is a bar to Townsend's assertion of the state tort claim. On that question, we find persuasive the reasoning of *Trinidad v. American Airlines*[11] and similar federal cases.

> State law is displaced by federal law where (1) Congress
> expressly preempts state law; (2) Congressional intent to

---

[7] *Mooney v. Mooney*, 235 Ga. App. 117 (508 SE2d 766) (1998).

[8] OCGA § 3-9-1 et seq.

[9] Compare *Zygmuntowicz v. Hospitality Investments*, 828 FSupp. 346 (E.D. Pa. 1993); *Sommers v. 13300 Brandon Corp.*, 712 FSupp. 702 (N.D. Ill. 1989).

Courts in other jurisdictions have also considered the question of whether dram shop statutes should be applied extraterritorially where the liquor distribution or sale occurs within the state and the injury occurs outside the state. See *Trapp v. 4-10 Investment Corp.*, 424 F2d 1261 (8th Cir. 1970); *Bankord v. DeRock*, 423 FSupp. 602 (N.D. Iowa 1976); *Rutledge v. Rockwells of Bedford*, 613 NYS2d 179 (N.Y. App. Div. 1994). A modern trend has developed toward applying dram shop statutes in that situation. *Sommers*, supra at 706.

Generally, these out-of-state cases apply the "most significant relationship" test of the Restatement (Second) of Conflict of Laws in determining whether a state's dram shop statute should apply. Georgia continues to follow the traditional lex loci delictis conflict-of-law rule, under which the law of the place of the wrong controls. See *Convergys Corp. v. Keener*, 276 Ga. 808, 812 (582 SE2d 84) (2003); *Johnson v. Comcar Indus.*, 252 Ga. App. 625, 626 (556 SE2d 148) (2001). But under Georgia law, the wrong may be said to have occurred in this state even if the negligence occurs outside the state. See *Coe & Payne Co. v. Wood-Mosaic Corp.*, 230 Ga. 58 (195 SE2d 399) (1973).

[10] Cf. OCGA § 3-9-1 et seq.; see *Blamey v. Brown*, 270 NW2d 884 (Minn. 1978).

[11] 932 FSupp. 521 (S.D. N.Y. 1996).

preempt is inferred from the existence of a pervasive regulatory scheme; or (3) state law conflicts with federal law or interferes with the achievement of federal objectives. [Cits.][12]

The plaintiffs in *Trinidad* claimed that they had sustained serious personal injuries as a result of the negligence of pilots operating an American Airlines plane on a flight from New York to Puerto Rico. The question was whether the plaintiffs' state law tort claims were preempted by federal law. Specifically, the issues were whether the state claims were expressly preempted by the Airline Deregulation Act of 1978 (ADA) or implicitly preempted by the Federal Aviation Act of 1958 (FAA).

Until 1978, interstate air travel was regulated under the FAA, which contains a saving clause codified at 49 USC § 1506 and providing that it shall not "in any way abridge or alter the remedies now existing at common law or by statute, but [its] provisions . . . are in addition to such remedies."[13]

> In 1978, Congress amended the FAA by passing the Airline Deregulation Act (ADA), an economic deregulation statute. . . . To prevent the states from frustrating the goals of deregulation by establishing or maintaining economic regulations of their own, Congress included an express preemption provision in the ADA. [Cit.] Section 1305 (a) (1) expressly preempts the states from "enacting or enforcing any law, rule, regulation, standard, or other provision having the force and effect of law relating to rates, routes, or services of any air carrier. . . ." [Cit.] The ADA did not alter or repeal the FAA's 1506 saving clause. [Cit.][14]

And in passing the FAA, Congress did not enact an express preemption clause governing airplane safety.[15]

> [T]he Supreme Court has noted that " 'some state actions may affect (airline services) in too tenuous, remote or peripheral a manner' to have preemptive effect." [Cits.] Beyond that, the Supreme Court has provided little guidance regarding whether a state law negligence claim against an air carrier is preempted by § 1301 (a) (5).[16]

---

[12] *Hodges v. Delta Airlines*, 44 F3d 334, 336, n. 1 (5th Cir. 1995).
[13] See *Trinidad*, supra at 524.
[14] (Punctuation and footnote omitted.) Id.
[15] Id. at 525.
[16] Id. at 524.

"By contrast, lower courts have discussed at greater length the kinds of claims that are properly considered 'related to services.' "[17] Examining the legislative history of § 1301 (a) (5), the court in *Trinidad*, in line with other federal decisions,[18] found no express or implied Congressional intent to preempt state law claims for physical injury based on negligence of the carrier in its operation of the aircraft. Of particular importance to this finding was the fact that the ADA did not repeal the FAA saving clause. The court in *Trinidad* further held that the FAA likewise does not implicitly preempt state tort claims for personal injuries which are the result of an airline's negligence. Finally, the federal court in *Trinidad* held that *Manfredonia* must give way to the more recent decision in *Harrell v. Champlain Enterprises*,[19] excluding state law tort claims from the scope of the ADA's preemption provision.[20]

We thus conclude that federal law does not either expressly or impliedly preempt Townsend's state claim under the dram shop statute. And no real conflict exists between state and federal law, because both prohibit service of alcoholic beverages to noticeably intoxicated individuals.[21]

3. Finally, although the superior court erred in granting Delta's motion to dismiss, it did not err in ruling that Townsend has no claim against Delta for common law negligence.

A provider of alcoholic beverages is insulated from liability to third parties except as provided in our dram shop statute.[22] Consequently, that statute provides Townsend his exclusive remedy against Delta for damages arising from Serio's driving while intoxicated.[23]

*Judgment reversed. Smith, C. J., and Johnson, P. J., concur.*

DECIDED SEPTEMBER 16, 2004 — 

*Winburn, Lewis & Stolz, Irwin W. Stolz, Jr., James W. Hurt, Jr.,* for appellant.

---

[17] Id. at 525.

[18] See *Charas v. TWA*, 160 F3d 1259 (9th Cir. 1998).

[19] 613 NYS2d 1002 (N.Y. App. Div. 1994).

[20] *Trinidad*, supra at 528.

[21] See *Trapp*, supra.

[22] *Kappa Sigma Intl. Fraternity v. Tootle*, 221 Ga. App. 890, 893 (2) (473 SE2d 213) (1996).

[23] *Hulsey*, supra, 249 Ga. App. at 478 (3).

*Nelson, Mullins, Riley & Scarborough, Richard B. North, Jr., Clinton F. Fletcher*, for appellee.