S04G1315. SUGARLOAF CAFÉ, INC. v. WILLBANKS et al.

(612 SE2d 279)

THOMPSON, Justice.

We granted certiorari to the Court of Appeals in *Willbanks v. Sugarloaf Café*, 266 Ga. App. 426 (597 SE2d 410) (2004), and posed this question: Did the Court of Appeals err in determining that the evidence supported the reasonable inference that the server knew that Phillips would be driving shortly after being served alcohol? The answer is "yes." Therefore, we reverse.

This case arose out of an automobile collision between a vehicle driven by Jennifer Phillips and another vehicle occupied by Rebecca Willbanks and Amanda Lawrence. Willbanks and Lawrence suffered serious injuries as a result of the collision and they brought suit against Phillips and Buffalo's Café, seeking damages against Buffalo's Café under the Dram Shop Act (OCGA § 51-1-40 (b)).[1]

On the day in question, Phillips left work and went to Buffalo's with several co-workers. She was driven there by Heidi Sarnese, one of her co-workers, because she left her car at work. Phillips stayed at

---

[1] The Act provides, in pertinent part:

A person . . . who knowingly sells, furnishes, or serves alcoholic beverages to a person who is in a state of noticeable intoxication, knowing that such person will soon be driving a motor vehicle, may become liable for injury or damage caused by or resulting from the intoxication of such minor or person when the sale, furnishing, or serving is the proximate cause of such injury or damage.

Buffalo's for approximately five hours, during which time the bartender served her approximately ten glasses of wine. Phillips' co-workers also drank alcoholic beverages during that period of time. When the group departed, another co-worker, Todd Dickens, drove Phillips back to work where she picked up her car and started out for home. On the way, Phillips crossed the centerline of the highway and hit the Willbanks and Lawrence vehicle.

The trial court awarded summary judgment to Buffalo's, finding that, although the evidence was sufficient to show that Buffalo's furnished alcohol to Phillips knowing she was intoxicated, it was insufficient to show that Buffalo's knew that Phillips would soon be driving a motor vehicle. Willbanks and Lawrence appealed and a majority of the Court of Appeals reversed, holding a jury question remained as to whether Buffalo's knew that Phillips would soon drive. In this regard, the Court of Appeals reasoned that, because Buffalo's was in a "remote" location which was accessible only by car, Buffalo's should have known that Phillips or "someone" in her group would soon be driving. The problem with this reasoning is that there is no direct evidence showing that Buffalo's was in a "remote" location which was accessible only by car. On the contrary, the evidence showed that Buffalo's is located in a shopping center surrounded by office parks and businesses; that Phillips' office building was adjacent to that shopping center and was a mere "two minutes" walk away; and that Phillips did not drive a vehicle to or from Buffalo's.

In finding that a question of fact remains as to whether Buffalo's knew that Phillips would soon be driving, the Court of Appeals relied on the affidavit of an expert who averred that Buffalo's is located at an intersection which is not conducive to pedestrian traffic; that the residents of a nearby upscale housing development are not accustomed to walking to the shopping area; that public transportation does not serve the area; and that, therefore, Buffalo's knew its customers came and left in automobiles. This expert opinion evidence cannot be used to contradict the direct evidence showing that Phillips did not drive to or from Buffalo's because it is based only on inferences and does not establish the conclusion that Buffalo's knew Phillips would be driving soon after she left. See *Haley v. Regions Bank*, 277 Ga. 85 (1) (586 SE2d 633) (2003); *Page v. Atlanta Center Ltd.*, 219 Ga. App. 422 (1) (465 SE2d 456) (1995).

We conclude, therefore, that the Court of Appeals erred in determining that the evidence presented a question of fact as to whether Buffalo's knew that Phillips would be driving an automobile soon after she left the premises. As Judge Mikell pointed out in his dissent, "the majority opinion places an affirmative duty on providers of alcohol to determine the method by which a patron plans to depart the business establishment, *and* how that patron plans eventually to

get home. That affirmative duty exceeds the duty established by the legislature." *Willbanks v. Sugarloaf Café*, supra at 432.

Were we to rule otherwise, circumstantial evidence that an alcoholic beverage server does business in a "remote" location and that *most* customers drive to the server's place of business would be sufficient to show that the server knew a customer would soon be driving. That is not the law.

*Judgment reversed. All the Justices concur.*

DECIDED APRIL 26, 2005.

*Weinberg, Wheeler, Hudgins, Gunn & Dial, J. Kenneth Moorman, Rachel A. Fuerst*, for appellant.

*Ralph E. Hughes, Larry G. Cobb, Temple, Strickland, Counts & Dinges, William D. Strickland*, for appellees.

*Berman, Fink & Van Horn, Charles Y. Hoff, Andrea M. Muller*, amici curiae.