S07A1082. COLUMBUS REGIONAL HEALTHCARE SYSTEM v. HENDERSON et al.

(652 SE2d 522)

SEARS, Chief Justice.

We granted certiorari in this case to consider whether, under the circumstances of this case, the trial court was authorized to apply the additur provision of OCGA § 51-12-12 (b).[1] For the reasons that follow, we conclude that the trial court erred in applying OCGA § 51-12-12 (b).

The appellees, Sadie Henderson and Willie Preston, are the parents of Celeste Henderson, who died on February 4, 1997, when she was 15 months old. Celeste died at a medical center operated by the appellant, the Columbus Regional Healthcare System ("Columbus Regional"), following surgery for a cerebral hemorrhage. Sadie Henderson, as administratrix of Celeste's estate, and Sadie Henderson and Willie Preston, as parents, brought this action against Columbus Regional. The appellees alleged that Columbus Regional and Dr. Willis Privott, a pediatrician employed by Columbus Regional, failed to adequately diagnose and treat Celeste for a rare disease known as Factor XIII deficiency, a bleeding disorder, from the time of her birth in November 1995 until the time of her death. The appellees also presented evidence that this alleged failure to diagnose caused Celeste's death. On the other hand, Columbus Regional presented evidence, including testimony from the surgeon who performed surgery on Celeste on February 3, 1997, that Celeste's hemorrhaging was caused not by her illness but by a "significant," "traumatic" brain injury. The surgeon testified that "a significant amount of force applied to the head . . . caused" Celeste's bleeding. A jury awarded $100,000 for the pain and suffering of Celeste and awarded the full amount of medical expenses incurred for her hospital care on February 3-4, 1997. On the appellees' wrongful death claim, the verdict form did not provide a place for the jury to specify its finding on causation, but it provided (1) a place for the jury to check

---

[1] The Court of Appeals denied the application for interlocutory appeal filed by the appellant, Columbus Regional Healthcare System.

that it had awarded damages and a place to specify the amount of the damages and (2) a place for the jury to check that "[w]e find that no damages should be awarded." The jury specified that no damages should be awarded.

After the verdict, the appellees filed a motion for additur under OCGA § 51-12-12 (b), and the trial court granted the motion, finding that "[i]t was inconsistent to find malpractice, to award the full amount of medical bills, and to award nothing for the wrongful death" and that "$1,000,000 is an appropriate amount for the wrongful death claim." The Court of Appeals denied Columbus Regional's application for interlocutory appeal, and this Court granted its petition for certiorari and its application for appeal.

For the reasons that follow, we reverse. OCGA § 51-12-12 (b) provides as follows:

> If the jury's award of damages is clearly so inadequate or so excessive as to any party as to be inconsistent with the preponderance of the evidence, the trial court may order a new trial as to damages only, as to any or all parties, or may condition the grant of such a new trial upon any party's refusal to accept an amount determined by the trial court.

The issue here is whether the jury's finding that "no damages should be awarded" on the wrongful death claim permitted the trial court to conclude that the verdict concerned "inadequate" damages for that claim and permitted it to apply the concept of additur provided for in OCGA § 51-12-12 (b). We conclude that the verdict did not concern "inadequate" damages.

OCGA § 51-12-12, enacted as part of the Tort Reform Act of 1987, "codifies into state law the concept of . . . additur in connection with jury verdicts."[2] Under the concept of additur, if a trial court determines that an award of damages for the plaintiffs is insufficient, it "would conditionally grant a new trial unless the defendant consents to an increased damages award for the plaintiff."[3] Moreover, because

---

[2] *Lisle v. Willis*, 265 Ga. 861, 862 (463 SE2d 108) (1995).

[3] Id. at 863. See 12 James W. Moore et al., Moore's Federal Practice § 59.13[2][g][ii][A], pp. 59.76-59.76.1 (3rd ed. 2007) (Stating the concept of additur in terms of denying a plaintiff's motion for new trial: "Additur is the practice of denying a plaintiff's motion for a new trial based on a claim of an insufficient amount of damages awarded by a jury, conditioned on the defendant's agreement to pay damages in an amount greater than the verdict returned by the jury.").

additur is contrary to the common law,[4] the power of additur granted to trial courts under OCGA § 51-12-12 (b) must be strictly construed.[5]

The reason that a jury, as in the present case, may award damages on one claim but not on another may be ambiguous, inconsistent, and contradictory.[6] In such a case, when a jury finds that no damages should be awarded, a trial court's addition of damages to the verdict may, in fact, be substituting its own finding regarding damages for the jury's finding that no amount of damages should be recovered and is, in that sense, adding something to the verdict that cannot be said to have been included in the verdict. For this reason, and because a trial court's power of additur must be strictly construed, we conclude that a jury's finding, such as that in the present case, that no damages should be awarded on one claim may be an inconsistent or contradictory verdict, for which a trial court may use its traditional powers to grant a motion for new trial on liability and damages,[7] but the verdict is not one reflecting "inadequate" damages for which the trial court may use its power to add to the verdict under OCGA § 51-12-12 (b).

Accordingly, in the present case, we conclude that the trial court erred in relying on OCGA § 51-12-12 to add to the verdict, and we thus remand the case to the trial court for proceedings consistent with this opinion.

*Judgment reversed and case remanded. All the Justices concur.*

DECIDED OCTOBER 29, 2007.

*Carlock, Copeland, Semler & Stair, Thomas S. Carlock, Jeffrey A. Brown, Eric J. Frisch*, for appellant.
*Neal H. Howard*, for appellees.

---

[4] *Dimick v. Schiedt*, 293 U. S. 474, 484-488 (55 SC 296, 79 LE 603) (1935).

[5] *Delta Airlines v. Townsend*, 279 Ga. 511, 512 (614 SE2d 745) (2005); *Stanfield v. Glynn County*, 280 Ga. 785, 787 (631 SE2d 374) (2006).

[6] *Bunch v. Mathieson Drive Apts.*, 220 Ga. App. 855, 860 (470 SE2d 895) (1996).

[7] Id. See also *Moore v. TCI Cablevision*, 235 Ga. App. 796, 798-799 (510 SE2d 96) (1998).