In the Supreme Court of Georgia

Decided: November 17, 2014

S14A0798. DION v. Y.S.G. ENTERPRISES, INC.

HINES, Presiding Justice.

Peggy Dion ("Dion"), the widow of Dale Dion ("Dale"), appeals from the order of the Superior Court of Newton County granting the motion to dismiss filed by Y.S.G. Enterprises, Inc., d/b/a Depot Sports Bar and Grill ("Depot"). For the reasons that follow, we affirm.

In the early hours of September 16, 2011, Dale died in a single-car wreck; his blood alcohol content was .282. At 2:30 p.m. the previous day, September 15, 2011, Dale went to the Depot and drank alcoholic beverages for the next eight hours, closing his tab at 10:43 p.m.; during that time, he was visibly intoxicated and a Depot employee asked for the keys to Dale's car, but Dale refused.

Dion filed a wrongful death action against Depot, contending that the conduct of its employees was the proximate cause of Dale's death. Depot moved to dismiss the complaint for failure to state a claim, arguing that Dion's

asserted cause of action fell under the Dram Shop Act, OCGA § 51-1-40,[1] which

bars claims by the consumer of alcohol against the provider.  The trial court

[1]  This statute is not formally denominated "the Dram Shop Act," but is nonetheless commonly referred to as such.  See *Flores v. Exprezit! Stores 98 - Georgia, LLC*, 289 Ga. 466 (n. 1) (713 SE2d 368) (2011).  OCGA § 51-1-40 reads:

(a) The General Assembly finds and declares that the consumption of alcoholic beverages, rather than the sale or furnishing or serving of such beverages, is the proximate cause of any injury, including death and property damage, inflicted by an intoxicated person upon himself or upon another person, except as otherwise provided in subsection (b) of this Code section.

(b) A person who sells, furnishes, or serves alcoholic beverages to a person of lawful drinking age shall not thereby become liable for injury, death, or damage caused by or resulting from the intoxication of such person, including injury or death to other persons; provided, however, a person who willfully, knowingly, and unlawfully sells, furnishes, or serves alcoholic beverages to a person who is not of lawful drinking age, knowing that such person will soon be driving a motor vehicle, or who knowingly sells, furnishes, or serves alcoholic beverages to a person who is in a state of noticeable intoxication, knowing that such person will soon be driving a motor vehicle, may become liable for injury or damage caused by or resulting from the intoxication of such minor or person when the sale, furnishing, or serving is the proximate cause of such injury or damage. Nothing contained in this Code section shall authorize the consumer of any alcoholic beverage to recover from the provider of such alcoholic beverage for injuries or damages suffered by the consumer.

(c) In determining whether the sale, furnishing, or serving of alcoholic beverages to a person not of legal drinking age is done willfully, knowingly, and unlawfully as provided in subsection (b) of this Code section, evidence that the person selling, furnishing, or serving alcoholic beverages had been furnished with and acted in reliance on identification as defined in subsection (d) of Code Section 3-3-23 showing that the person to whom the alcoholic beverages were sold, furnished, or served was 21 years of age or older shall constitute rebuttable proof that the alcoholic beverages were not sold, furnished, or served willfully, knowingly, and unlawfully.

(d) No person who owns, leases, or otherwise lawfully occupies a premises, except a premises licensed for the sale of alcoholic beverages, shall be liable to any person who consumes alcoholic beverages on the premises in the absence of and without the consent of the owner, lessee, or lawful occupant or to any other person, or to the estate or survivors of either, for any injury or death suffered on or off the premises, including damage to property, caused by the intoxication of the person who consumed the alcoholic beverages.

2

granted Depot's motion, specifically rejecting Dion's contentions that OCGA § 51-1-40 is unconstitutional.

Dion contends that she has a viable claim for wrongful death grounded in the general principles of tort law, see OCGA § 51-1-6,[2] and OCGA § 3-3-22,[3] which prohibits the provision of any alcoholic beverage to a person who is noticeably intoxicated. Of course, a wrongful death action "cannot rest solely upon OCGA § 51-1-6 because this statute sets forth merely general principles of tort law. [Cit.]" *Wells Fargo Bank v. Jenkins,* 293 Ga. 162, 164 (744 SE2d 686) (2013). And, under these circumstances, OCGA § 3-3-22 also provides no basis for Dion's suit.

"Under Georgia law a suit for wrongful death is derivative to the decedent's right of action. A survivor cannot recover for the decedent's wrongful death if the decedent could not have recovered in his or her own right." See *Mowell v. Marks*, 269 Ga. App. 147, 148–49 (603 SE2d 702) (2004) (Citations and punctuation omitted.) And, as the consumer of the alcoholic

---

[2] OCGA § 51-1-6 reads: "When the law requires a person to perform an act for the benefit of another or to refrain from doing an act which may injure another, although no cause of action is given in express terms, the injured party may recover for the breach of such legal duty if he suffers damage thereby."

[3] OCGA § 3-3-22 reads: "No alcoholic beverage shall be sold, bartered, exchanged, given, provided, or furnished to any person who is in a state of noticeable intoxication."

beverages, Dale could not have recovered in his own right. Rather,

> At common law there was no right of recovery for selling or furnishing intoxicating liquor to an intoxicated person. The common-law rule holds the man who drank the liquor liable and considers the act of selling it as too remote to be a proximate cause of an injury caused by the negligent act of the purchaser of the drink. (Citations and punctuation omitted.)

*Delta Airlines, Inc. v. Townsend*, 279 Ga. 511, 511-512 (1) (614 SE2d 745) (2005). Thus, under the common law, if a claim of liability was based on the act of furnishing alcohol, the claim would fail; regardless of whether the act of furnishing alcohol was claimed to be simple negligence or negligence per se in violation of a statute, it could not "leap the common law's chasm of causation." Id. at 512. Rather, for the provider of alcohol to be found liable, legislation would be required to impose that liability in derogation of the common law. Id. And, in 1988, the General Assembly provided such legislation, enacting OCGA § 51-1-40, which "abrogated the common law rule and created a new cause of action." Id. (Citation and punctuation omitted.)

OCGA § 51-1-40 (a) provides:

> The General Assembly finds and declares that the consumption of alcoholic beverages, rather than the sale or furnishing or serving of such beverages, is the proximate cause of any injury, including death and property damage, inflicted by an intoxicated person upon himself or upon another person, except as otherwise provided in

4

subsection (b) of this Code section.

Thus, in enacting OCGA § 51-1-40, the General Assembly recognized that the common law prohibited recovery in the circumstances presented by Dion's suit, but established new causes of action in derogation of the common law, setting those forth in OCGA § 51-1-40 (b). But, those new causes of action do not encompass the death of Dale, and thus do not embrace Dion's claim; the only injuries that can be recognized under the new statutory rules created by OCGA § 51-1-40 are those injuries suffered by third parties. Indeed, OCGA § 51-1-40 (b) is explicit in stating that "[n]othing contained in this Code section shall authorize *the consumer* of any alcoholic beverage to recover from the provider of such alcoholic beverage for injuries or damages suffered *by the consumer*." (Emphasis supplied.) Thus, as to Dion's claim of liability, there has been no change in the common law; the act of selling alcohol to Dale is considered too remote to be a proximate cause of injury to himself, he is held to be the liable party, and no recovery can be had for furnishing him that which he drank. *Delta Airlines*, supra at 511-512.

Nonetheless, Dion contends that OCGA § 51-1-40 is unconstitutional as violating the separation of powers provision of the Georgia Constitution of

1983, Article I, Section II, Paragraph III, which reads: "The legislative, judicial, and executive powers shall forever remain separate and distinct; and no person discharging the duties of one shall at the same time exercise the functions of either of the others except as herein provided." But, the contention is meritless. "The doctrine of separation of powers is an immutable constitutional principle which must be strictly enforced. Under that doctrine, statutory construction belongs to the courts, legislation to the legislature." (Citation and punctuation omitted.) *Allen v. Wright*, 282 Ga. 9, 12 (1) (644 SE2d 814) (2007). And that is all that has occurred here; the General Assembly has simply enacted legislation. In no way has it attempted to limit the constitutional jurisdiction of the courts, see *Sentence Review Panel v. Moseley*, 284 Ga. 128, 130 (1) (663 SE2d 679) (2008), or otherwise run afoul of the separation of powers provision. The mere fact that OCGA § 51-1-40 represents a change from the common law does not render it infirm under the separation of powers provision. Rather, "[t]he General Assembly properly can . . . enact legislation that departs from the common law . . . ." *May v. State*, 295 Ga. 388, 397 (761 SE2d 38) (2014). And, "[i]n fulfilling that legislative function, the General Assembly has not invaded the province of the judiciary. [Cit.]" *Getkate v. State*, 278 Ga. 585, 586 (604

6

SE2d 838) (2004).

Although Dion notes that in OCGA § 51-1-40 (a), the General Assembly states that it "finds and declares" what constitutes proximate cause in dram shop cases, to the extent that this language implicates the separation of powers provision, it does not violate it; this Court has previously stated that "[t]his provision represents a qualified codification of the common law rule that the act of consuming, rather than that of supplying, alcoholic beverages is the proximate cause of the injuries suffered or inflicted by the consumer thereof." *Delta Airlines*, supra at 513. As the General Assembly can expand and create exceptions to the common law, it can also codify it. See *Peachtree-Cain Co. v. McBee*, 254 Ga, 91, 92-93 (1) (327 SE2d 188) (1985).

Dion also asserts that OCGA § 51-1-40 is unconstitutionally vague, see *In re C.B.*, 286 Ga. 173, 173-174 (2) (686 SE2d 124) (2009), contending it is contradictory; she specifically argues that the statement in OCGA § 51-1-40 (a) that "[t]he General Assembly finds and declares that the consumption of alcoholic beverages, rather than the sale or furnishing or serving of such beverages, is the proximate cause of any injury, including death and property damage, inflicted by an intoxicated person . . ." cannot be reconciled with the

7

statement in OCGA § 51-1-40 (b) that liability can be found under the exceptions set forth therein "when the sale, furnishing, or serving [of alcohol] is the proximate cause of . . . injury or damage" inflicted by a person described in OCGA § 51-1-40 (b). This argument is also meritless. As this Court has previously stated, the Dram Shop Act

> makes it clear that it is the consumption of alcohol, not the selling or furnishing, which leads to injuries in this state, it goes on to create two exceptions to the rule for liability purposes: an individual may be liable for injuries if he furnishes or serves alcoholic beverages to a person who is underage, knowing he will soon be driving; and if he furnishes or serves alcoholic beverages to a noticeably intoxicated adult, knowing he will soon be driving. Liability is not imposed under either one of these exceptions, however, unless the furnishing or serving of the alcoholic beverage is the proximate cause of injury. OCGA § 51-1-40. We find these statutory requirements to be straightforward . . . .

*Flores v. Exprezit! Stores 98 - Georgia, LLC*, 289 Ga. 466, 468 (713 SE2d 368) (2011).[4]

    <u>Judgment affirmed. All the Justices concur.</u>

---

[4] Dion also contends that OCGA § 51-1-40 unconstitutionally treats differently those over the legal drinking age from those under the legal drinking age, arguing in her brief that, if at the time that alcohol is provided to the consumer, he or she is over the legal drinking age, "then [OCGA § 51-1-40] absolves the purveyor of alcohol of all liability," but that if the consumer is under that age, OCGA § 51-1-40 (b) "leaves open the question of liability by virtue of the language, 'may become liable for injury.'" This argument appears to be based upon a misreading of the statute; as *Flores*, supra at 468, points out, the statute clearly requires that for there to be any recovery, "the furnishing or serving of the alcoholic beverage [must be shown to be] the proximate cause of injury . . ." and that requirement is applicable whether the consumer of alcohol is under the legal drinking age, or over it, and noticeably intoxicated. As this Court has previously noted, OCGA § 51-1-40 "treats sales to minors and noticeably intoxicated adults identically. [Cit.]" Id. at 470 (n. 8). It is uncontroverted that Dale was of legal drinking age on September 15, 2011.