[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-11142

Non-Argument Calendar

_____

WILLIAM HAWKINS,
as next friend of minor child,
CARLON HAWKINS,
as guardian and next friend of KLB and KLB,
surviving minor children of Kurtavious L. Butts,

Plaintiffs-Appellants,

ADVOCACY TRUST, LLC,
deceased Kurtavious L. Butts,

Plaintiff,

*versus*

DAVID STODDARD,
d.b.a. Stoddard Trucking,
GREAT WEST CASUALTY COMPANY,

2                    Opinion of the Court                    24-11142

DAVID L. STODDARD,
ESTATE OF DAVID L. STODDARD,

                                              Defendants-Appellees,

JOHN DOES 1-4,

                                              Defendant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 1:23-cv-00073-LAG

_____

Before NEWSOM, LAGOA, and WILSON, Circuit Judges.

PER CURIAM:

Kurtavious Butts died after he was struck by a tractor-trailer operated by Stoddard Trucking.  William Hawkins, acting on behalf of Butts's minor children, filed the instant suit against Stoddard Trucking and its insurer, Great West.  Although he lacked privity of contract with Great West, Hawkins sued the company under Georgia's direct-action statutes, O.C.G.A. §§ 40-1-112 and 40-2-140(d)(4), which permit joinder of a motor carrier and its insurer in the same action.  The district court dismissed Hawkins's claims

against Stoddard Trucking. Subsequently, Great West filed a motion for summary judgment, which the district court granted. The district court reasoned that, under the direct-action statutes, Hawkins may not sue Great West without joining Stoddard Trucking.

Hawkins appealed the district court's grant of summary judgment, which we review de novo. *Perry v. Sec'y, Fla. Dep't of Corr.*, 664 F.3d 1359, 1363 (11th Cir. 2011). On appeal, Hawkins raises only one question: "Is a plaintiff *required* to sue a motor carrier in the same action if they sue the motor carrier's insurer under Georgia's direct action statutes?" Br. of Appellant at 9 (emphasis in original). The answer is "yes."

Georgia's direct-action statutes are in derogation of the common law and, accordingly, must be strictly construed. *Hughes v. Ace Am. Ins. Co.*, 888 S.E.2d 341, 343 (Ga. Ct. App. 2023). Ordinarily, Georgia common law disallows an injured party from directly suing the insurer of the party that caused his injury. "The general rule in Georgia is that 'a party may not bring a direct action against the liability insurer of the party who allegedly caused the damage unless there is an unsatisfied judgment against the insured or it is specifically permitted either by statute or a provision in the policy.'" *Barnes v. State Farm Fire & Cas. Co.*, 907 S.E.2d 305, 308 (Ga. Ct. App. 2024) (quoting *Hartford Ins. Co. v. Henderson & Son*, 258 Ga. 493, 494 (1988)). The direct-action statutes "derogate"—or deviate—from this common law rule. Specifically, in cases involving "motor carriers," they permit direct actions against liability-insurance companies. Because the direct-action statutes derogate from

the common law, we must strictly construe them. In other words, our reading of the statutes "must be limited strictly to the meaning of the language employed, and not extended beyond the plain and explicit terms of the statute." *Pferrman v. BPS of Tifton, Inc.*, 364 Ga. App. 624, 628 (2022) (quoting *Delta Airlines v. Townsend*, 279 Ga. 511, 512 (2005)).

The statutes expressly permit *joinder* of a motor carrier and its insurer in the same suit: "It shall be permissible under this part for any person having a cause of action arising under this part to *join* in the same action the motor carrier and the insurance carrier, whether arising in tort or contract . . . ." O.C.G.A. § 40-1-112(c)(1) (2023) (emphasis added); *accord id.* § 40-2-140(d)(4) (2023) ("Any person having a cause of action, whether arising in tort or contract, under this Code section may *join* in the same cause of action the motor carrier and its insurance carrier . . . .") (emphasis added). But the statutes do not expressly permit a direct action against the insurer *without joinder* of the motor carrier. Rather, they are silent on this issue.

Hawkins interprets this silence as tacit permission. He argues that, because "[n]othing in Georgia's direct action statutes prohibits a plaintiff from pursuing a lawsuit against the motor carrier's insurer only," he can sue Great West without joining the motor carrier. Br. of Appellant at 11. That is incorrect. Georgia common law forbids direct actions against an insurer, except as expressly provided by the direct-action statutes. Because the statutes

24-11142                Opinion of the Court                5

do not expressly allow Hawkins to pursue a lawsuit against Great West alone, he may not do so.

Accordingly, we **AFFIRM** the district court's order granting summary judgment for Great West.